## HORTON *et al. v.* MURDEN.

1. Signature includes mark, even though the mark is not between the given name and the surname.   Hence, if otherwise sufficiently proved, an instrument reciting that "I, Julie Reynolds, sign my hand to it X here," is sufficiently signed, within the meaning of the code.
2. There must be proper words used in order to convey title to land or to create a lien thereon.   In Georgia, where no particular form is required in a deed or mortgage, it is not necessary to use "grant," "bargain," or other technical words ; but any language showing an intent to convey or mortgage is sufficient.
3. An instrument dated, "Atlanta, Ga., Sept. 15, 1876," and in its body describing certain real estate as "my lot 50. front of Fortune street, running back 155 feet," bounded north by X and south by Y, is not void for uncertainty of description, inasmuch as it may be aided by parol.   Prima facie the street named will be referred to the locality named in the caption or date line of the instrument.
4. An instrument reciting that A and his wife advanced money for B to keep her (B's) land from sale, and that B turned over "in the hands of" A her "two deeds and lot, . , and as it now stand, . . until I [B] redeem it in the year 1879, . . if I [B] don't redeem it at that date you [A] . . can sell it, or do just as you please," and further stating that this would cover a certain named debt, is a mortgage, and of itself can not be the basis of a recovery in ejectment.

5. Under the Civil Code, § 2734, a mortgage will ripen into title if the mortgagee remains in possession for ten years without recognition of any right in the mortgagor to redeem.  After such possession the law will presume a sale of the equity of redemption, either under foreclosure proceedings or by the act of the parties.

6. Prior possession is some evidence of title, and sufficient as a basis for recovery of possession as against a trespasser.

7. Ordinarily it is not necessary to anticipate the defense, and where the plaintiff relies on possession he need not aver that defendant is a trespasser, but evidence of prior possession alone is sufficient to put the defendant on proof that he has a better title than that of the plaintiff.

8. Whether the plaintiffs had a prior possession, or were tenants at will, or were in under the mortgage, and whether the mortgage had ripened into title or not, there was a sufficient allegation as to possession to entitle the plaintiffs to recover as against the defendant unless he showed a better title than that of plaintiffs.

Argued January 13, — Decided February 7, 1903.  Rehearing denied March 3, 1903.

Complaint for land.   Before Judge Lumpkin.   Fulton superior court.   January 23, 1902.

Dave Horton and Maggie Horton, who was alleged to be the daughter of his deceased wife, Savannah Horton, brought suit against Murden for the recovery of a lot on Fortune street in the city of Atlanta, alleging that the property formerly belonged to Julia Reynolds; that she, having become in arrears for taxes on the lot, applied to Murden for money with which to pay the taxes, and that Horton advanced the necessary money; whereupon she executed a paper in these terms: "Atlanta, Ga., Sept. 15, 1876.   I, Julia Reynolds, I this Sept. 15, 1876, turn over in the hands of my sister Savannah Horton, and her husband Dave Horton, two deeds and lot; my lot was to be sold, and they bought it in for me, and as it now stand, and stands yours until I redeem it in the year 1879, Sept. 15, that are the day that are set apart; if I don't redeem it at that date you both can sell it, or do just as you please; this will cover the whole debt the sum of $35.00.  My lot 50 front of Fortune street, running back 155 feet, joining on the north side by Murden and on the south side by Horton ; and I Julie Reynolds sign my hand to it X here   Witness by Edmond Hill his X mark. W. Murden, N. E. Latimore."   The plaintiffs further alleged, that Julia Reynolds put the lot into the actual possession of David Horton and Savannah Horton, his wife, to have and to hold as their own property ; that they took or received it into their own possession, and held it as their own property for many years and remained

in possession until the death of Julia Reynolds, but, in some way which petitioners do not know or understand, the defendant got the lot into his possession and began to occupy it, and refuses to deliver possession or to pay the rents, of the value of $200 per year; that the plaintiffs are the sole heirs at law of Savannah Horton, etc. They prayed for a judgment declaring the title to be in them, that possession be restored to them, for mesne profits, etc. The defendant demurred to the petition, on the ground that it set forth no cause of action. The demurrer was sustained on the ground that "the deed on which the plaintiff relied was not sufficient on its face to carry title to or describe sufficiently the property involved in the suit." The plaintiffs excepted.

*Robert L. Rodgers*, for plaintiffs.

*Culberson, Willingham & Johnson*, for defendant.

LAMAR, J. 1. Neither the name nor the mark of the maker was at the end of the instrument, nor in immediate proximity to each other; and the defendant insisted that the paper was not signed. It was admitted that the signature need not necessarily be at the end of the instrument, the Civil Code, § 3599, not requiring that deeds should be subscribed, but only signed. If a conveyance with the name at the beginning or in the body of the instrument, or after the attestation clause (*Huff* v. *Huff*, 41 *Ga.* 696), could be treated as signed, the same result would follow where the grantor was an illiterate and obliged to use a mark; because, under the Political Code, § 5, "signature includes mark," and the mark may be placed wherever the ordinary signature could be. If the grantor's name clearly appears in the body of the instrument, if she adopted it as her act and deed, and affixed her mark at any place thereon with the purpose of giving it such force and effect, the law will not defeat her intent and declare the instrument inoperative merely because the mark and the name are not in juxtaposition. In the case of Devereux v. McMahon, 108 N. C. 134, 12 L. R. A. 205, the attestation and signature were as follows: "In witness whereof, the said Thomas Alexander hath hereunto signed his name and affixed his seal the day and date above written. X [Seal]"; and it was held that this constituted a sufficient signature, and might be considered as an adoption of the name in the body of the instrument. See *Gillis* v. *Gillis*, 96 *Ga.* 10; *Cox* v. *Montford*, 66 *Ga.* 62.

2. On general principles and on the authority of Webb v. Mullins, 78 Ala. 111, the defendant insisted that the instrument was void for all purposes, because of the absence of words indicating an intention to convey the land. The provisions in the Civil Code, §§ 3602, 2724, that no particular form is required to make valid a deed or mortgage, do not dispense with the necessity of using language indicating an intention to transfer title or to create a lien. Hence in *Doggett* v. *Simms,* 79 *Ga.* 257, where, though recorded as a deed, the papers were unilateral, and recited that W. had no title to the land described, but that the same remained in S., it was held that these recitals did not convey title or relinquish any interest in the land, but merely "spoke in the air." "Sign over" the land was held to be insufficient to convey title, in McKinney v. Settles, 31 Mo. 541, where other recitals in the instrument showed that a deed for the land was to be subsequently executed. An assignment of the deed itself may transfer the instrument, but it does not convey any interest in the land therein described. *Henry* v. *McAllister,* 93 *Ga.* 667; Bentley v. DeForrest, 2 Ohio, 221. There must always appear on the face of the instrument enough to indicate an intention to convey an interest in the property described. But while proper words are necessary, "grant," "bargain," "sell," and other technical expressions need not be used. "To go" to the remaindermen was held to be sufficient, in Folk v. Varn, 9 Rich. Eq. (S. C.) 310. In *Allgood* v. *State,* 87 *Ga.* 668, the usual formal words of conveyance were wanting, but a consideration was expressed, a covenant of warranty was inserted, and this was held to pass title, if genuine, and, if spurious, sufficient as the basis of a prosecution for forgery.

3. The land was referred to as "My lot 50 front of Fortune street, running back 155 feet, joining on the north side by Murden and on the south side by Horton." The State, county, and city in which the lot is located were not referred to, and the defendant claims that the instrument is void for want of a description of the property intended to be conveyed. The paper is dated, "Atlanta, Ga., Sept. 15, 1876," and in the absence of anything to the contrary it will be presumed that Fortune street was in the City of Atlanta. In Butler v. Davis, 5 Neb. 50, it appeared that the land was described by section, township, and range, without giving the name of the State or county in which it was located.

Under the United States land system the description could apply to lots in other States as well as to land in Nebraska. It appeared, however, that the deed was signed in Douglas county, Nebraska, and was registered in the clerk's office in that county. The court held that the presumption would be that the land was located in the State of Nebraska. See also *Morris* v. *McKee*, 96 *Ga.* 611 (4). If, then, Fortune street is to be presumed to be in Atlanta, Georgia, there is no difficulty in identifying the lot. If it is lot 50 on Fortune street, it is between Murden and Horton; if it is a lot fronting 50 feet on Fortune street, it is bounded on three sides, and the depth of 155 feet will permit the ascertainment of the fourth side. In Commonwealth *v.* Roxbury, 9 Gray, 451, land bounded on three sides was held not to be so indefinitely described as to render the deed void. Following that decision, in *Ray* v. *Pease*, 95 *Ga.* 153, this court held that a description which can be made certain will be treated as sufficient, and the land will pass. Three sides were given and the fourth could be supplied. This is not like some of the cases cited by the defendant in error, where land was referred to as joining A, B, and C. This might give three sides, but it might likewise only refer to one. In the case at bar we have certainly three, and probably four sides, accurately described. The instrument was not void for want of a sufficient description of the property.

4. The provisions of the code dispensing with formalities in deeds and mortgages, being remedial, must be liberally construed, to suppress the mischief intended to be remedied, and effectuate the purpose of the lawmakers, bearing in mind that it was not thereby proposed to dispense with the necessity of using expressions which would indicate the intention of the grantor. No disregard of form can be carried to such an extent as to permit the conveyance of land by guesswork. The court, however, will search through the whole instrument, and enforce the intent when it has been found. It would not be possible from the mere expression, "turn over . . [my] two deeds and lot," to determine what the grantor intended. If land was "turned over" in payment of a debt, or in exchange for money, it could very properly be construed as a sale; if land was "turned over" to be managed for the benefit of the grantor, it might indicate an agency; if it was "turned over" for a term of years, it would indicate the creation of a lease; or if "turned over"

for the purpose of securing a debt, it would clearly indicate the creation of a mortgage; and, from an examination of the whole instrument in the present case, such we think was the intention of the parties and the legal effect.  It is evident that the land was conveyed as security for money advanced by Savannah Horton and her husband, and that the grantor reserved the right to redeem the land up to September 15, 1879.  But being a mortgage, it was, of itself, insufficient as a basis for recovery in an action of ejectment.

5. If, then, the instrument can successfully withstand the attack made upon it because of the character of the signature and of the description of the property, and if it be in legal effect a mortgage, it remains to determine what were the rights of the plaintiffs who claim to have been in possession under its provisions.  The blanks in the petition were not filled, and it is not clearly stated how long the plaintiffs had been in possession before their eviction by the defendant.  It is not possible, therefore, to decide whether they were merely mortgagees in possession, or whether that possession had ripened into title under the provisions of the Civil Code, § 2734, which provides that the mortgagor loses the right to redeem if the mortgagee remains in possession for ten years without recognition of the mortgagor's right to redeem.  After such a lapse of time it will be presumed that there has been a sale under foreclosure or by the act of the parties.

6. But even if the death of Julia Reynolds has so interrupted the running of the statute that the plaintiffs did not remain in possession for ten years after the date fixed for the expiration of her right to redeem, or any subsequent recognition of that right, it does not follow that they had no right to the premises. If plaintiffs had no title, they aver that they had been placed in possession by the former owner; and bare right of possession would entitle them to recover the land.  Civil Code, §§ 3875, 5008.  If, therefore, the mortgage be ignored and treated as void for all the reasons stated by the defendant, the plaintiffs' petition set out a cause of action when they alleged that they had been put in possession and had remained in possession of the lot for many years.  *Bagley* v. *Kennedy*, 85 *Ga.* 706.

7. Nor is it necessary for the plaintiffs to anticipate a defense and aver that the defendant was a mere trespasser.  Plaintiffs' prior possession alone is sufficient to put the defendant on proof

that he has a better title.    *Wolfe* v. *Baxter*, 86 *Ga.* 708 ; *Ellis* v. *Dasher*, 101 *Ga.* 6 ; Civil Code, § 5008.

8. The lot seems to have greatly increased in value, and the defendant claims that the allegation that the mesne profits were worth $200 a year, coupled with the further statement that the plaintiffs had been in possession for many years, was enough to show that the original debt of plaintiffs had been paid off, and that they had lost the right to longer retain possession.    But this is a matter between the plaintiffs and Julia Reynolds, and with which the defendant has no concern.    Whether the plaintiffs had a prior possession or were tenants at will, or were in under the mortgage ; and whether the mortgage had ripened into title or not, there was a sufficient allegation as to possession to entitle the plaintiffs to recover as against the defendant, unless he showed a better title than plaintiffs ; and it was error to sustain the demurrer.

*Judgment reversed.    By five Justices.*