FULLER *v.* WOOD *et al.*

HOLDEN, J. 1. Suit was brought by an only child whose father had died intestate, and by the temporary administrator of his estate, against the grantee in a certain deed made by the intestate, for the purposes, among others, of recovering specified personalty, and of canceling the deed on the grounds that the maker at the time of its execution was mentally incapacitated to make the same, that it was obtained from him by duress and fraud, that the only consideration to support it was one that was immoral and illegal, and that the description of the property which it purported to convey was so indefinite and uncertain as to render the deed void; and for the purpose of having a receiver appointed by the court to take charge of all of the assets of the estate of the deceased, and of enjoining the defendant from "changing" such assets. The court appointed a receiver to take charge of such assets. Upon the trial it was agreed that "the whole issue in the case is and shall be only as to whether the deed above set out shall be canceled." *Held*, that in view of the defendant's failure to plead or demur on the ground of a non-joinder of the widow of the decedent, and in view of the above-quoted

stipulation, even though the testimony be insufficient to show that there was such a settlement between the husband and the wife as barred the latter's right to any claim in his estate after his death, a verdict in favor of the plaintiffs will not be set aside on the ground that the widow was not a party to the suit.

2. If it be conceded that a temporary administrator cannot maintain a suit to cancel a deed of his intestate and recover the rents, issues, and profits of the property attempted to be conveyed thereby (see *Ward* v. *McDonald*, 135 *Ga.* 515 (69 S. E. 817)), in view of the stipulation above referred to, and in view of the fact that there was no demurrer or plea raising such question, or the question of 'misjoinder of parties, the defendant, who was the grantee in the deed, cannot have set aside a verdict in favor of the plaintiffs on the ground that the temporary administrator had no right to maintain the suit; nor on the ground of misjoinder of parties; nor because of the admission in evidence of the temporary letters of administration over objection of defendant because of such want of authority in the temporary administrator to maintain the action; nor because the court failed to charge in accordance with such contention.

3. The description of the property in the deed was as follows: "All right, title, and interest that he now possesses in lots # 181-179 Fraser street, in the city of Atlanta, county of Fulton, State of Georgia, the same land and houses are located at the northwest corner of Fraser and Fulton Sts., the same being the property deeded or conveyed jointly to Nelson Wood and Lizzie Fuller, and more fully described on the deed books of Fulton county records." *Held*, that the deed could not be declared to be void on its face on the ground that the property was insufficiently described, and, in view of the evidence which applied the description to the subject-matter, the court erred in submitting to the jury the question as to whether the deed was void for want of sufficient description of the property attempted to be conveyed, and in authorizing the jury to cancel the deed if they found it to be void for that reason. Under the evidence, the deed was not void for want of sufficient description of the property.

4. Where a person who desired to make a deed gave instructions to an attorney to prepare it, in the presence of a third party who bore no confidential relation to the grantor or the attorney, and stated that he owed the person to whom he wished to make the deed "money; and that he wanted to make this deed to pay it back," and upon the deed being prepared such attorney and such third person became the witnesses thereto, the attorney was not incompetent to testify to the statement above recited, on the ground that it was a confidential or privileged communication between attorney and client. *O'Brien* v. *Spalding*, 102 *Ga.* 490 (31 S. E. 100, 66 Am. St. R. 202).

5. It is unnecessary to consider the assignment of error complaining that the attorney was not permitted to testify as to what property the grantor told him to draw the deed to cover, as it appears from this assignment that this testimony was offered for the purpose of showing that the deed should be reformed, and the record shows that this issue was by agreement eliminated from the trial of the case.

6. Where suit was originally brought by the temporary administrator and an heir of the decedent against the grantee in a deed made by the decedent, to cancel the deed and to recover personal property, upon an issue which could be made by the temporary administrator the defendant would be an incompetent witness; but a temporary administrator is not authorized to sue for the recovery of land, or to cancel a deed, and where in the progress of such a composite action counsel enter into a stipulation eliminating any question which the temporary administrator could make, and leaving the case for determination substantially between the heir, as plaintiff, and the defendant, upon the question of cancellation, the defendant would not be an incompetent witness to testify to transactions and communications had with the deceased maker of the deed.

    *Judgment reversed. Beck, J., absent. The other Justices concur.*

                OCTOBER 28, 1911.

Equitable petition. Before Judge Ellis. Fulton superior court. December 7, 1910.

*J. F. Golightly* and *J. B. Suttles,* for plaintiff in error.
*Robert C. & Philip H. Alston,* contra.