## BUSH v. BLACK.

FISH, C. J. 1. Where a contract for the sale or exchange of land was headed, "Atlanta, Ga., June 7, 1912," and described the property to be conveyed as " # 401 Spring known as the Cob Home 50x160 more or less," such description was not so vague and indefinite as to render a petition for specific performance by the purchaser subject to general demurrer. Prima facie the property mentioned in the contract would be treated as in Atlanta, Georgia, in the absence of anything appearing to the contrary; and while the description was carelessly made, it could be applied to its subject-matter by proper allegation and proof.

2. Construing together the instruments which are set out in the statement of facts, the clause in that signed by the defendant as vendor, to the effect that the vendee would assume the loan on the property, "provided the loan on 401 Spring runs for two years at 5½%," was a condition or proviso inserted for the benefit of the purchaser (the plaintiff). Where the plaintiff alleged that he was ready and willing to comply with the contract, and had tendered to the defendant a warranty deed in accordance therewith, conveying the lot which he had agreed to convey to her, and had tendered to her for her signature a like deed conveying to him the lot described in the preceding headnote, in which deed was contained an assumption of the loan mentioned in the contract, and that the defendant had refused to accept the conveyance from him or to execute the one to him, and further that he stood ready at all times to comply with the terms of the agreement of exchange between himself and the defendant, and made the tender continuing, this waived any objection on his part because of the provision in his favor above mentioned; and the petition was not subject to general demurrer on the ground that the contract was conditional and that it did not appear that the condition had been complied with.

*Judgment reversed. All the Justices concur.*
JULY 23, 1914.

Equitable petition. Before Judge Bell. Fulton superior court. May 10, 1913.

Guy L. Bush filed a petition against Mrs. L. R. Black, to obtain specific performance of a contract for the exchange of lands, based, in substance, upon the following allegations. Petitioner and defendant entered into a written contract for the exchange of real estate, as shown by two exhibits attached to the petition, to wit:

"Exhibit A.                          Atlanta, Ga., June 7, 1912.

"$———— Received of Mrs. L. Black ————————Dollars, as part purchase-money on the following described property: # 65 Ponce de Leon Place known as Dr. Bush property Lot 50x160 more or less to 10" alley, which, on and for account of the owner and vendor, we have this day sold to the purchaser above named, subject to approval of vendor and titles being good, or made good

within a reasonable time, for the sum of even exchange # 401 Spring for to be paid as follows: # 65 Ponce de Leon Place, Will assume the loan of $2500 at 7%, and he (Dr. Bush) to assume loan $2000 on 401 Spring. Edwin P. Ansley, Agent, Per R. A. Tomlinson.

"I hereby agree to purchase the above-described property on terms and conditions above named. Mrs. L. R. Black, Purchaser.

"I hereby approve of the above-mentioned sale on the terms and conditions named, and agree to pay to Edwin P. Ansley, Agent, on the date formal transfer is made, a commission of Two Hundred and 00/100 Dollars. Guy L. Bush, Owner and Vendor."

"Exhibit B.                    Atlanta, Ga., June 7th, 1912.

"$10.00. Received of Dr. G. L. Bush Ten Dollars as part purchase-money on the following described property: # 401 Spring known as the Cob Home 50x160 more or less, which, on and for account of the owner and vendor, we have this day sold to the purchaser above named, subject to approval of vendor and titles being good, or made good within a reasonable time, for the sum of # 65 Ponce de Leon Place, 48x160 more or less, to be paid as follows: To assume loan $2000, and even exchange of equities # 65 Ponce de Leon Place at 6000.00 and 401 at 5500.00, provided the loan on 401 Spring runs for two years at 5½%. Edwin P. Ansley, Agent, Per R. A. Tomlinson.

"I hereby agree to purchase the above-described property on terms and conditions above named. Guy L. Bush, Purchaser.

"I hereby approve of the above-mentioned sale on the terms and conditions named, and agree to pay to Edwin P. Ansley, Agent, on the date formal transfer is made, a commission of One Hundred and Eighty-seven & 50/100 dollars. Mrs. L. R. Black, Owner and Vendor."

The petition alleged that petitioner was "ready and willing to comply with the terms of said agreement, and in furtherance thereof executed and tendered to" defendant a warranty deed to the land owned by him, and at the same time tendered to her for execution a warranty deed conveying to him the land owned by her. Copies of these deeds were attached to the petition as exhibits. It was alleged that the defendant refused to accept the deed from him to her, and also refused to execute the deed from her to him, and "that your petitioner now stands ready and holds himself at all times ready to comply with the terms of said agreement to exchange

between himself and the said Mrs. Black, and makes the tenders above referred to continuing tenders." The court sustained a general demurrer to the petition; to which ruling the plaintiff excepted.

*Green, Tilson & McKinney,* for plaintiff.

*Wharton O. Wilson,* for defendant.