## LOVETT *et al. v.* TAYLOR.

LUMPKIN, J. 1. "The plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry, and without any lawful right whatever." Civil Code (1910), §§ 5586, 4471.

(*a*) Where possession is set up as the foundation of a prescription, which may ripen into a title good not merely against a trespasser but against the world, including the holder of what was previously a good title, such possession is required to have certain characteristics. It must be in the right of the possessor, and not of another; must not have originated in fraud; must be public, continuous, exclusive, uninterrupted, and peaceable, and be accompanied by a claim of right. Civil Code (1910), § 4164.

(*b*) Under the facts in this case, it will not require a new trial, on motion of the defendants, that the court charged the jury as follows: "Possession to which I refer in this instruction to you does not mean a bona fide claim of ownership to the land, and I so instruct you, but it means merely an unabandoned prior possession of the land, a possession merely asserting claim to the land; and if you find that this plaintiff has shown in this case by a preponderance of evidence that she, or those under whom she holds, did have prior possession of this land, and that at a time when that possession had not been released and relinquished, had not been abandoned, one of the defendants did enter upon those premises, then the plaintiff is entitled to recover, unless the defendant

can show that he entered under some superior right, and the burden would be upon the defendant to show you that that has been done in this case, by testimony." *Horton* v. *Murden*, 117 *Ga.* 72 (6), (7), 77 (43 S. E. 786).

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*

NOVEMBER, 9, 1915.

Ejectment. Before Judge George. Wilcox superior court. October 19, 1914.

*M. B. Cannon,* for plaintiffs in error.

*Elkins & Koplin, N. M. Patten,* and *Hal Lawson,* contra.