### KING et al. v. BRICE; et vice versa.

1. The description of land in a contract of sale is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land. Where the contract indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence.

(a) The description of the property mentioned in the contract of sale, appearing in the first division of the opinion, is sufficiently definite to form the basis of a suit for recovery of damages from a breach of the contract.

2. In a suit by a vendor against a vendee for a breach of contract for the sale of real estate, where the description of the land in the contract is sufficiently definite, it is competent to amend the petition by alleging a fuller description indicative of the adminicular proof relied on to make a practical application of the description to its subject-matter.

(a) The amendment in this case contains an amplification of the description of the land as demonstrative that the description in the contract could only apply to one tract of land, and does not engraft upon the contract additional words of description.

3. The measure of damages for a breach of contract of sale of land is the difference between the contract price and the market value of the land

at the time of the breach. This rule for the measure of damages, as enunicated in *Cowdery* v. *Greenlee*, 126 *Ga.* 786 (55 S. E. 918, 8 L. R. A. (N. S.) 137), is not in conflict with the rulings in *Ansley* v. *Green*, 82 *Ga.* 181 (7 S. E. 921), and *Green* v. *Ansley*, 92 *Ga.* 647 (19 S. E. 53, 44 Am. St. R. 110).

APRIL 12, 1916. REHEARING DENIED MAY 17, 1916.

Certified questions; from Court of Appeals (Cases 5884, 5885).

*R. B. Blackburn,* for King et al. *Marion Smith,* contra.

EVANS, P. J. The Court of Appeals certifies the following question to the Supreme Court: "Is the description of the property mentioned in the following contract for the sale of real estate sufficiently full and definite to form the basis of a suit for the recovery of damages for breach of said contract? The contract is as follows:

'$100.00. Atlanta, Ga., July 2, 1913.

'Received of R. D. & C. S. King one hundred 00/000 dollars as part purchase-money on the following described property: 26 Ponce de Leon Ave. 70 x 185 & 15 foot alley included, which, on and for account of the owner and vendor, we have this day sold to the purchaser above named, subject to the titles being good, for the sum of $40,000.00 forty thousand dollars to be paid as follows:

| | |
|---|---:|
| five thousand cash | 5,000 |
| Bal. 1-2-3-4 years, 6% | 14,250 |
| Assumed indebtedness | 20,750 |
| | $40,000.00 |

M. C. Kiser Real Estate Company, per H. K.

'I hereby agree to purchase the above-described property on terms and conditions above named.

R. D. & C. S. King, R. D. King, purchaser.

'I hereby approve of the above-mentioned sale on the terms and conditions named, and agree to pay to M. C. Kiser Real Estate Company, real-estate agents, on the date formal transfer is made, a commission of ———— dollars.

'John A. Brice, owner and vendor.'"

1. No principle of the law of real estate is more generally admitted and followed than the one which declares that a description of land in a deed is sufficiently definite where the premises are so described as to indicate the grantor's intention to convey a particular tract or lot of land. It is not necessary that the deed should

specify the precise boundaries; and where it can be gathered from the whole instrument that the intention of the grantor was to convey a particular tract or lot of land, extrinsic evidence is receivable to show the boundaries. As was said in *Crawford* v. *Verner,* 122 *Ga.* 814, 816 (50 S. E. 958), "The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable." The maxim "certum est quod certum reddi potest" sets forth a rule of logic, as well as of law, in the construction of written instruments. If a deed indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence, under the authority of this maxim. The maxim, however, has no application to vague descriptions, which do not indicate the grantor's purpose and intention to convey a particular tract or lot of land. A description in a will of "all my land" is good, for the reason that its location may be definitely ascertained by aliunde proof as to the location of the testator's land. *Harriss* v. *Howard,* 126 *Ga.* 325 (55 S. E. 59). An executory contract for the sale of land described the property as "my half interest in the property corner of Second and Cherry Streets, Macon, Ga.," and it was held that the description indicated the vendor's intention to sell his half interest in the land lot on the corner of Second and Cherry streets, Macon, Georgia, and that parol evidence was admissible to show that the vendor was interested in only one tract on the corner of the named streets in Macon, Georgia, and certainty in the contract would be supplied. *Pearson* v. *Horne,* 139 *Ga.* 453 (77 S. E. 387). In *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530), it was held: "Where a contract for the sale or exchange of land was headed, 'Atlanta, Ga., June 7, 1912,' and described the property to be conveyed as '# 401 Spring known as the Cob Home 50x160 more or less,' such description was not so vague and indefinite as to render a petition for specific performance by the purchaser subject to general demurrer. Prima facie the property mentioned in the contract would be treated as in Atlanta, Georgia, in the absence of anything appearing to the contrary; and while the description was carelessly made, it could be applied to its subject-matter by proper allegation and proof." In *Singleton* v. *Close,* 130 *Ga.* 716 (61

S. E. 722), it was held that a contract for the sale of land, signed
by both parties, stating the place where it is dated, and describing
the land as "the western portion of lot forty-one (41) Flannery
Ward, together with all improvements thereon," and stipulating
that the "seller is to occupy residence No. 221 36th Street West"
for a given time after the sale, sufficiently identified the property
sold to satisfy the statute of frauds and to allow extrinsic proof to
apply the contract to its subject-matter. This description was
held to be sufficient to identify a specific lot in a named ward, hav-
ing improvements thereon, known by a particular street number,
and inferentially in the occupancy of the seller. The controlling
feature in the apparently elaborate description in *Manning* v. *Mal-
lard,* 144 *Ga.* 9 (85 S. E. 1039), is the location of the lot as known
as a lot on a certain street with a given number. The description
in the contract set out in the question propounded by the Court of
Appeals indicates the vendor as contracting to sell a tract of land
which he owns, and which is located on Ponce de Leon Avenue, in
the City of Atlanta, Ga., and known as number 26 according to
the municipal notation of streets, 70x185 in size, with a 15-foot
alley included also in the contract. This furnishes a sufficient key
to the identity of the property, and its exact location may be sup-
plied by extrinsic proof. The description in *Nettles* v. *Charles P.
Glover Realty Co.,* 141 *Ga.* 126 (80 S. E. 630), is materially dif-
ferent from that in the case at bar.

2. In the suit on the contract the plaintiff amended his peti-
tion by alleging: "The alley at 26 Ponce de Leon Avenue is a
fifteen-foot alley running from Juniper Street along the rear of
the lot described in the petition, and serving as an alley for prop-
erty on either side of said alley. The said alley is established and
in actual use, and is the only alley at 26 Ponce de Leon Avenue."
The Court of Appeals submits the question: "Did this amend-
ment suffice to render sufficiently definite the contract which forms
the basis of this suit for damages arising from a breach thereof;
and could the plaintiff by such an amendment engraft upon the
written contract such additional words of description locating and
describing the alley referred as to make the same an enforceable,
definite contract, and open the way for parol testimony identifying
the property intended to be covered by the written agreement?"
In the first place, we do not think that the purpose or effect of

the amendment is to engraft upon the written contract additional words of description; but rather its purpose is to show that the description in the original contract is definite because it can not be applied to any other subject-matter except the lot of land described as being owned by the vendor and known as lot number 26 Ponce de Leon Avenue, in the City of Atlanta. The key to the identity of the alley is that it is appurtenant to a described lot of land. The contract refers to only one alley, and the plaintiff by his amendment declares that there is only one alley, and that alley is located as therein described. The contract describes the alley as such, and as being included in the contract in connection with the lot mentioned; and as it has been pointed out that the lot has been definitely identified, it is competent to show by aliunde evidence the location of this alley.

3. The Court of Appeals certifies the further questions: "Is the holding in *Cowdery* v. *Greenlee*, 126 *Ga.* 786 [55 S. E. 918, 8 L. R. A. (N. S.) 137], that 'The refusal of the purchaser to perform will not give to the owner the right to resell the land at the risk of the former and hold him liable for a deficiency in the price realized, the true measure of damages being the difference between the contract price and the market value of the land at the time of the breach,' in conflict with the earlier rulings of the Supreme Court in *Ansley* v. *Green*, 82 *Ga.* 181 [7 S. E. 921], and *Green* v. *Ansley*, 92 *Ga.* 647 [19 S. E. 53, 44 Am. St. R. 110]; and if so, which of the two cases mentioned lays down the true measure of damages for the breach of a contract for the purchase of real estate? Is the earlier case distinguishable on its particular facts from the later case, and was not the distinct point as to the proper measure of damages in fact involved in *Ansley* v. *Green*, supra?" The ruling in *Cowdery* v. *Greenlee* does not conflict with the rulings in *Ansley* v. *Green* and *Green* v. *Ansley*, as was pointed out in the opinion in the former case. In *Ansley* v. *Green* the suit was by an owner of real estate, for the difference between the defendant's bid at an auction sale and what the land brought at a second sale at auction, the second sale occurring by reason of the refusal of the defendant to comply with his bid at the first. The case first came before this court on exceptions to a judgment sustaining a demurrer on the ground that the auctioneer's entry was insufficient to take the case out of the statute of frauds. The

court decided the memorandum was sufficient to state the contract of sale, but specifically refused to rule on the measure of damages, holding that "as to whether the proper measure of damages is the difference between the price bid and the price obtained at a second sale at bidder's risk, or the difference between the price at the first sale and the true market value of the property at the second sale, is a question upon which the authorities differ, and the question of the measure of damages, not being argued in this case, is not decided." The parties seemed to have acquiesced as to the measure of damages, and the case was tried on the theory that as to sales at public auction the measure of damages is the difference between the bid of the first bidder and the price obtained at the resale at auction, the court stating at the beginning of the opinion that the controlling question was "whether the plaintiff was entitled to recover without proof of notice to the defendant of her intention to resell, and of the time and place of the second sale." In the course of the opinion the court emphasized the fact that the resale, as well as the original sale, was at public auction. In *Cowdery* v. *Greenlee,* supra, the court differentiated the holdings of those cases, upon the grounds that the sale of land in those cases was at public auction, and that no express ruling was made as to the measure of damages for breach of a contract of private sale. We think that differentiation was proper, and the decision was concurred in by all the Justices. But, as was said in *Weaver* v. *Carter,* 101 *Ga.* 206, 209 (28 S. E. 869), "That decision, whether right or wrong, has the same binding force upon the subsequent members of the court as is given any unanimous decision by the court by the above-cited section of the code." The code section referred to is § 6207 of the Civil Code of 1910, which declares that unanimous decisions of the Supreme Court shall not be overruled or materially modified except with the concurrence of all the Justices, and then only after argument had, in which the decision, by permission of the court, is expressly questioned and reviewed. We answer the last-stated questions in the negative.

*All the Justices concur.*