## McMILLAN v. BRANNON.

1. The trial court erred in refusing to allow an amendment to the petition, more fully describing the land in controversy; and in rejecting a certain bond for title, together with evidence, offered to identify the land.
2. As the original contract, by way of description of the land, referred to a certain bond for title, it was not error for the trial court to reject a deed executed by the maker of the bond for title, when offered in evidence.

June 14, 1917. Rehearing denied July 11, 1917.

Petition for specific performance. Before Judge Pendleton. Fulton superior court. September 9, 1916.

*A. E. Wilson, McMillan & Erwin,* and *I. H. Sutton,* for plaintiff.

*Paul S. Etheridge,* for defendant.

Gilbert, J. R. L. McMillan filed a petition against Mrs. R. C. Brannon, seeking specific performance and damage for the breach of a contract for the sale of land. To the petition, as an exhibit, was attached an alleged copy of the written contract. The description of the land in this instrument was too indefinite, and an amendment to the petition was offered to remedy the defect, and to permit the introduction of extraneous evidence, parol and docu-

mentary, to identify the land. The court rejected the amendment, and also this evidence; and a nonsuit necessarily followed. The plaintiff excepted.

1. We think the original petition contained enough to support the amendment, on the theory that that is certain which can be made certain. The judgment is reversed because the trial court refused to allow the amendment, and rejected the bond for title of Mrs. Coffee when tendered in evidence, together with parol testimony to the effect that said "bond for title covered that portion of the premises referred to in the original contract as having been purchased by the said Mrs. Brannon from Mrs. Coffee and Johnston." *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960).

2. It was not erroneous to reject the deed of Harper Brothers, covering a part of the premises described in the original contract, when offered in evidence, because the contract referred to a bond for title from Harper Brothers, and not a deed.

*Judgment reversed. All the Justices concur.*