21697. McCLURE *v.* SMITH.

DECIDED FEBRUARY 16, 1932.

*Clarence E. Adams,* for plaintiff.

*R. Howard Gordon,* for defendant.

LUKE, J. In an action by George McClure against J. O. M. Smith, appealed from a justice's court, a verdict and judgment were awarded in favor of the plaintiff in the sum of $81, and the defendant's motion for a new trial was sustained. Upon the second trial the jury returned a verdict in favor of the plaintiff for $57.80. The defendant's motion for a new trial was sustained, and exception is taken to the latter judgment.

Plaintiff's statement of his cause of action is simply that "Plaintiff worked for the defendant, J. O. M. Smith, during the year 1927, as a share-cropper, and produced a cotton crop, being a one-sixth interest in eight bales of cotton, plaintiff having a joint interest with two other share-croppers, and defendant is due to plaintiff, over and above supplies furnished, the sum of $100." Defendant, in his plea, denied all liability to the plaintiff; denied the alleged employment in 1927; denied that plaintiff produced a cotton crop for the defendant in that year; and denied that the defendant was indebted to the plaintiff in any sum for any cotton at any time.

The evidence adduced by the plaintiff showed that such a contract as was averred by the plaintiff was negotiated by the plaintiff's father, and was concluded; that there was only one contract, and that one was between the defendant as landlord, on the one hand, and the three McClure boys as croppers, on the other hand. There was no contention that there was a separate contract between the plaintiff and the defendant. The record indicates (but does not satisfactorily show) that there were three separate actions tried together, with the same jury, under an order of consolidation.

Defendant's motion for a new trial as amended (sustained by the trial court), in addition to the usual general grounds, assigns

several special grounds of error. The controlling questions are raised by the 5th, 6th, and 7th assignments, wherein excerpts of the court's charge to the jury are criticized on the ground that such charge erroneously authorized the splitting of an alleged cause of action on a joint contract into three separate causes of action; that, the alleged contract being a joint contract, the plaintiff could not recover thereon without joining as parties plaintiff the others interested with him therein.

It is true that, as a general rule, in an action for a breach of a joint contract, all parties jointly interested should be joined as plaintiffs, in the absence of some good reason why they are not all so joined. But where there is a defect as to the parties plaintiff, and especially where the defect plainly appears from the plaintiff's petition, as in the instant case, and no objection is raised in proper time by demurrer or answer, and the cause proceeds to verdict and judgment, the defect must be regarded as waived. It is too late to attempt to raise the objection by a motion for a new trial. *Fuller* v. *Wood,* 137 *Ga.* 66 (72 S. E. 504); *Cason* v. *United Realty & Auction Co.,* 158 *Ga.* 584 (123 S. E. 894).

The first special (third) ground of the amendment to the motion for a new trial is deemed to be inconsequential. The second special (fourth) ground is but an amplification of the general grounds. We are of the opinion that the defendant's motion for a new trial as amended should have been denied.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*