MOLTON *v.* WOODRUFF.

No. 8689.   JULY 16, 1932.

*R. Douglas Feagin,* for plaintiff.

*Jones, Jones, Johnston & Russell,* for defendant.

Russell, C. J. (After stating the foregoing facts.) We concur in the judgment dismissing the petition upon the ground stated by the judge. He held that the words "house and lot known as 290 Hillyer Ave. (on cor. Hillyer & Napier Ave.)" were entirely too vague and indefinite in any paper appertaining to a conveyance of real estate, or an interest in real estate. It will be noted that it does not appear where the house and lot known as 290 Hillyer Avenue is located. It might be in Bibb County, and it might be in any one of the other 158 counties of this State. It might be in a foreign State, for all that appears in the contract. The fact that the two contracting parties are both residents of Bibb County does not imply that the lot which is the subject-matter of the contract is in the county of Bibb, or the State of Georgia. Very frequently parties have transactions with reference to realty which is not in the county of the residence of either of the contracting parties. So far as appears from the petition, the contract may have been executed in the city of Atlanta and appertain to real estate in that city, where the names attributed to both of the streets are well known.

Parol evidence is admissible to explain ambiguities in writings which contain descriptions of realty, if there is a key in the writing which will, with the aid of parol evidence, unlock any mystery which the instrument contains. Id certum est quod certum reddi potest. This court has been very liberal in the application of this principle; but the contract now before us can not be specifically performed, because it is impossible to locate in what part of the round world the lot which was the subject-matter of the bargain is located. The paucity of description differentiates this case from *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786) ; *Harriss* v. *Howard,* 126 *Ga.* 325 (55 S. E. 59) ; *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530) ; *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960) ; *Fuller* v. *Wood,* 137 *Ga.* 66 (72 S. E. 504) ; *Broadwell* v. *Kiker,* 28 *Ga. App.* 279 (111 S. E. 62) ; *Horine* v. *Hicks,* 25 *Ga. App.* 802 (104 S. E. 922) ; *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722) ; *Manning* v. *Mallard,* 144 *Ga.* 9 (85 S. E. 1039) ; *Clark* v. *Cagle,* 141 *Ga.* 703 (82 S. E. 21, L. R. A. 1915A, 317) ; *Petreles* v. *Atlanta Loan &c. Co.,* 161 *Ga.* 468 (131 S. E. 510).

Judgment affirmed. All the Justices concur.