BLUMBERG *et al. v.* NATHAN.

No. 13165.   APRIL 9, 1940.

*Emanuel Javetz,* for plaintiffs.
   *Hester & Clark, G. Eugene Ivey,* and *Irving S. Nathan,* for defendant.

DUCKWORTH, Justice.

The foundation of the plaintiffs' suit is the purchase contract, which is attacked as void because the description of the property therein is too indefinite. The same rule requiring definiteness of description of land in a deed is applicable to a contract for the purchase of land. *Harper* v. *Kellar,* 110 *Ga.* 420 (35 S. E. 667). A description of land in a deed, in order to be valid, must identify the land or must contain a key by the use of which the description may be applied by extrinsic evidence. Possibly this idea of a "key" has been overworked, and it has certainly been frequently misunderstood. There need not be confusion about this word, and

no confusion will result if the word is given its true and literal meaning. A metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void. In *Laurens County Board of Education* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294), the description was sufficient to name a ten-acre tract of land on which a schoolhouse was located in Laurens County; but there was no indication as to the shape of the tract, whether in a square, a parallelogram, a triangle or a circle, thus making it impossible to lay off and identify the particular tract by the use of all the description contained in the deed.

On the other hand, in the following cases descriptive words as indicated were sufficient, when aided by extrinsic evidence, to locate and definitely identify the lands therein conveyed: "Savannah, Ga., July 7th, 1906. . . Western portion of lot forty-one (41) Flannery Ward." *Singleton* v. *Close,* 130 *Ga.* 716 (61 S. E. 722). "State of Georgia, Greene County. White Plains, Georgia. . . Place known as the 'Humphrey Place,' containing 330 acres more or less." *Clark* v. *Cagle,* 141 *Ga.* 703 (2) (82 S. E. 21, L. R. A. 1915A, 317). "Atlanta, Ga., June 7, 1912. . . No. 401 Spring, known as the Cob Home 50 x 160 more or less." *Bush* v. *Black,* 142 *Ga.* 157 (82 S. E. 530). "A certain lot in the City of Atlanta, in ward 4, land lot 19 of the 14th district of Fulton County, Georgia, fronting fifty feet on the east side of Randolph street, between Edgewood and Auburn streets, and running back one hundred feet, more or less, in an easterly direction. The house on said lot known as No. 21 on said street according to street number . . adjoining O. Callahan." *Manning* v. *Mallard,* 144 *Ga.* 9 (85 S. E. 1039). "Atlanta, Ga., July 2, 1913. . . 26 Ponce de Leon Ave., 70 x 185 & 15-foot alley included." *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960). "Certain real estate of the plaintiff known as No. 48 Angier Avenue in the City of Atlanta, Fulton County, Georgia." *Boney* v. *Cheshire,* 147 *Ga.* 30 (3) (92

S. E. 636). "Georgia, Colquitt County. . . Two city lots known as lots Nos. 24 and 25 in Block 2 in Southern Terrace, same being in the corner of Main Street, S. and Twelfth Avenue; said lots being 106½ by 185½ feet." *Dean* v. *Turner,* 151 *Ga.* 44 (105 S. E. 602). "Macon, Georgia, May 6, 1920. . . Adams property on Broadway, now occupied by Peerless Paint Company, warehouse in rear of same and sheet-metal warehouse occupied by Merritt Company." *Willingham Loan & Trust Co.* v. *Moore,* 160 *Ga.* 550 (4) (128 S. E. 751). "That certain tract or parcel of land belonging to the Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street in the City of Atlanta, Fulton County, Georgia." *Petretes* v. *Atlanta Loan & Trust Co.,* 161 *Ga.* 468 (131 S. E. 510). It has also been held by this court that when the instrument is headed "Georgia, [named] County," it must be presumed that the land conveyed is located in the county and State named. *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786).

Applying the above rulings to the description in the present case, we find that the contract in question locates the land involved in Chatham County, Georgia, which land when so located is described as being known as 124, 126, 128, 130 East Waldburg Street, and as being approximately 60 by 55 feet in size. This description is sufficient to constitute a key by which the property may be identified, and thus the property is sufficiently identified to allow extrinsic proof to apply the contract to the subject-matter. The land alleged to have been covered by the contract sued upon is described with particularity in the petition. The demurrer admits the truth of the allegation that the land particularly described is the same land that is the subject-matter of the contract. It being alleged that the key "fit" the land described in the petition, there was a sufficient description to support a suit for specific performance. The case of *Molton* v. *Woodruff,* 175 *Ga.* 168 (165 S. E. 59), relied upon by the defendant, is distinguished on its facts. There the instrument relied upon was silent as to the state and county in which the land was located. The petition alleged a cause of action, and it was accordingly error to dismiss the case on demurrer.

*Judgment reversed. All the Justices concur.*