32732. HOMEYER *et al. v.* TOWLER.

DECIDED JANUARY 6, 1950.

704

W. L. Nix, Sloan & Telford, Sidney O. Smith Jr., for plaintiffs in error.

Allison & Pittard, contra.

WORRILL, J.   The eight grounds of the motion for new trial all assign error on the ruling of the court that the description contained in the contract of lease was insufficient to furnish a key and to permit the receipt in evidence of parol testimony, to locate the property and its bounds, and because the court excluded from evidence testimony of certain named witnesses relating to the bounds of the leased premises, which testimony would have fixed the exact location and extent of the property leased.   Thus, as we view the record, the sole question raised by the eight special grounds of the motion for new trial is whether the lease contract involved contained a sufficient description of the leased premises so as to render admissible extrinsic parol testimony to identify the property and its boundaries.

It appears from the record that the defendants leased the property from the plaintiff's predecessor in title, and had leased the property for a number of years under terms similar to those contained in the present disputed lease.   The plaintiff purchased the property from the defendants' lessor and then sought to obtain possession of the property by giving the defendants two

months' notice to vacate and by demanding possession. The disputed portion of the lease under which the defendants claimed the right to possession is as follows: "Witnesseth: That lessor does hereby demise and lease unto lessee, for the purpose of conducting thereon a gasoline filling station, and for other purposes all that lot of ground situated in Dacula, Gwinnett County, Georgia, being more particularly described as follows: Being the property on the southeast corner of the junction of the Lawrenceville-Athens paved road, and the Dacula to Monroe road, and including a drive-in filling station and store building fronting on the Lawrenceville to Athens paved road together with the buildings, improvements, and equipment thereon, or connected therewith and together with all lessor's right, title and interest in and to the sidewalks and street spaces abutting the demised premises, and all appurtenances thereunto belonging." .

In *Petretes* v. *Atlanta Loan & Trust Co.*, 161 *Ga.* 468 (1) (131 S. E. 510), it was held that the following description contained in a contract of sale was valid so as to enable the purchaser to maintain an action for specific performance and for breach of the contract. "That certain tract or parcel of land belonging to the Atlanta Loan & Trust Company, located on the northeast corner of Auburn Avenue and Bell Street in the City of Atlanta, Fulton County, Georgia." In the body of the opinion, on page 470, the court said: "It is well settled that an insufficient description is void to effect a transfer of any interest in real estate. It seems to be equally well settled that parol evidence, though incompetent and inadmissible to add to, vary, or alter the terms of a written contract, may be used to make certain that which is uncertain, if it be perfectly plain from the description in a contract of sale of land what property the grantor intends to convey. It is true, as argued by the defendants in error, that the description of the land, as contained in the contract in this case, might include only one foot square of land at the northeast corner of Bell Street and Auburn Avenue; and yet we are of the opinion that the contract bespeaks an intention to sell all of the lot owned by the Atlanta Loan & Trust Company at the northeast corner of Bell Street and Auburn Avenue (thus fronting on both these streets) for whatever length this lot of the Atlanta Loan & Trust Company may extend along both these

streets, and that extrinsic evidence is competent and admissible for the purpose of determining the exact boundaries of the lot. We think the case is controlled by the ruling in *King* v. *Brice*, 145 *Ga.* 65 (88 S. E. 960). We are of the opinion that when the statement is made that the lot is at the northeast corner of the streets that have been named and that the property is owned by the Atlanta Loan & Trust Company, and there is nothing to suggest that there is any other property at the northeast corner of the designated streets, it must be admitted that a lot, and all of that lot, at that corner belongs to the Atlanta Loan & Trust Company, and that therefore there would be nothing necessary to identify the transaction except to ascertain from other evidence the dimensions of the lot at the corner of Auburn Avenue and Bell Street which is owned by the Atlanta Loan & Trust Company."

In the case cited, Presiding Justice Evans, writing for the Supreme Court, said: "No principle of the law of real estate is more generally admitted and followed than the one which declares that a description of land in a deed is sufficiently definite where the premises are so described as to indicate the grantor's intention to convey a particular tract or lot of land. It is not necessary that the deed should specify the precise boundaries; and where it can be gathered from the whole instrument that the intention of the grantor was to convey a particular tract or lot of land, extrinsic evidence is receivable to show the boundaries. As was said in *Crawford* v. *Verner*, 122 *Ga.* 814, 816 (50 S. E. 958), 'The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.' The maxim 'certum est quod certum reddi potest' sets forth a rule of logic, as well as of law, in the construction of written instruments. If a deed indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence, under the authority of this maxim. . . A description in a will of 'all my land' is good, for the reason that its location may be definitely ascertained by aliunde proof as to the location of the testator's land. *Harriss* v. *Howard*, 126

*Ga.* 325 (55 S. E. 59). An executory contract for the sale of land described the property as 'my half interest in the property corner of Second and Cherry Streets, Macon, Ga.,' and it was held that the description indicated the vendor's intention to sell his half interest in the land lot on the corner of Second and Cherry Streets, Macon, Georgia, and that parol evidence was admissible to show that the vendor was interested in only one tract on the corner of the named streets in Macon, Georgia, and certainty in the contract would be supplied. *Pearson* v. *Horner,* 139 *Ga.* 453 (77 S. E. 387)." *King* v. *Brice,* 145 *Ga.* 65, 66, 67 (88 S. E. 960). See also *Atlanta & West Point R. Co.* v. *Atlanta Birmingham & Atlantic R. Co.,* 125 *Ga.* 529 (2), 540 (54 S. E. 736); *Pearson* v. *Horne,* 139 *Ga.* 453 (2) (77 S. E. 387); *Bush* v. *Black,* 142 *Ga.* 157 (1) (82 S. E. 530); *Nasworthy* v. *James,* 152 *Ga.* 368 (1) (110 S. E. 7).

We think that the ruling in these cases is controlling as to the validity of the description of the land contained in the lease contract involved in the instant case. If the description furnishes a key to the identification of the land it is sufficient. *Swint* v. *Swint,* 147 *Ga.* 467 (94 S. E. 571). Does the description here furnish such a key? The location of the land is very definitely described so that even the least trained individual could find it and identify it. It is located at the intersection of the two named roads in the named town and county. How much land is conveyed? All of that lot at the southeast corner of that intersection, and from this it must be presumed that the intent was to convey all of the land owned or possessed by the lessor. If there may be any uncertainty as to whether the buildings included in the leased premises are situated on the land described, resort to the dictionary definition of "include" suffices to clear this point. To include means "To confine; enclose; To enclose within; contain." Webster's New International Dictionary; Funk & Wagnalls College Standard Dictionary. Under these definitions of the word it is clear that the intention of the lessor was to lease all of the land at the southeast corner of the junction of the two roads and comprising as a component part or enclosing thereon the drive-in filling station and store building described, and under the authorities, parol extrinsic evidence was admissible to show the exact extent of the lot and the location

of its boundaries. For these reasons the court erred in refusing to receive in evidence the testimony offered and in refusing to consider it in reaching its decision, and erred in overruling the motion for new trial on each and every ground thereof.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*