## 23523. CALLAWAY v. WHITE.

ARGUED JUNE 15, 1966—DECIDED JULY 7, 1966—
REHEARING DENIED JULY 21, 1966.

*Poole, Pearce & Cooper, Walter G. Cooper,* for appellant.
*Howard & Storey, James C. Howard, Jr.,* for appellee.

COOK, Justice. S. Clayton Callaway brought an action against Mrs. Norman A. White to require the specific performance of a written contract for the sale of land. The renewed general demurrers of the defendant to the petition as amended were sustained, and the appeal is from this judgment.

The contract described the land as follows: "716 Piedmont Ave.-N. E. Measuring—80-frontage running to an alley 200'—more or less." Where the city and state, or county and state, are referred to in the caption or date line of an instrument, in the absence of anything to the contrary it will be presumed that the property described is located in the city, county, and state thus shown. *Horton v. Murden,* 117 Ga. 72 (3) (43 SE 786); *Singleton v. Close,* 130 Ga. 716 (2) (61 SE 722); *Bush v. Black,* 142 Ga. 157 (82 SE 530); *King v. Brice,* 145 Ga. 65 (1) (88 SE 960); *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374); *Gainesville Midland R. Co. v. Tyner,* 204 Ga. 535 (50 SE2d 108). There is no reference to a city, county, or state at the commencement of the contract between the parties in the present case, and no city, county, or state is mentioned in any of the terms of the contract.

The printed form on which the contract was executed has the following designation: "Contract for Sale of Realty—Form 53—Miller's Book & Office Supply Co. Atlanta—Atlanta Real Estate Board Standard Sales Contract." It is urged by counsel for the appellant that the word "Atlanta," twice appearing in this designation, gives a key to the location of the property which is the subject matter of the contract, authorizing the introduction of

parol evidence to establish that the property is located in the City of Atlanta and State of Georgia. This wording is not the caption of the contract between the parties, and none of the terms of the contract relate to Miller's Book & Office Supply Company or Atlanta Real Estate Board. The printed form of contract for the sale of realty could be used in any state of the United States, and this designation does not show the state in which the particular City of Atlanta therein referred to is located.

In *Molton v. Woodruff*, 175 Ga. 168 (165 SE 59), this court held: "Where a key can be discovered in the wording of a contract purporting to describe realty, parol evidence is admissible to render certain that which is uncertain in the descriptive terms of the instrument. But a contract of sale and purchase in which the property involved is described as 'house and lot known as 290 Hillyer Ave. (on cor. Hillyer and Napier Ave.)' is so vague and indefinite as not to be enforceable by a decree for specific performance. It does not appear from the instrument in what city, county, or state the house and lot is located. There is nothing in the instrument from which it can be inferred that said house and lot is in Bibb County, Georgia, except that the contracting parties are said to be 'of the County of Bibb, State of Georgia.' In this day of varied commercial transactions, contracting parties frequently have transactions away from their homes; but even if contracts are entered into at the residence of both the contracting parties, it does not follow as a matter of course that the real estate bargained is not located in another county or another state from that in which either of the contracting parties have at any time resided." The *Molton* case was cited and followed in *Cashin v. Markwalter*, 208 Ga. 444 (3) (67 SE2d 226). These cases are controlling on the facts of the present case. The contract sought to be enforced gives no key to identify the city and state in which the property described is located, and it is too vague and indefinite to be enforced by a decree for specific performance.

"In the absence of a key to the description of the land in the written contract, and of any appropriate allegations or prayers seeking to reform the contract so as to make the description sufficient, parol evidence would not be admissible for the purpose

of adding to the description contained in the written contract." *Washington Mfg. Co. v. Wickersham,* 201 Ga. 635, 642 (40 SE2d 206); *Clayton v. Newberry,* 138 Ga. 735 (76 SE 63). The petition as amended makes numerous assertions attempting to relate the property described to the City of Atlanta in the State of Georgia. However, there is no key in the description in the written contract which will authorize the introduction of parol evidence to support these allegations, and the allegations of the petition can not aid the insufficient description of the property in the written contract.

The trial judge properly held that the petition did not state a cause of action for specific performance of the contract.

*Judgment affirmed. All the Justices concur.*