## 52570. SMITH v. HELMS et al.

McMURRAY, Judge.

In 1968 the plaintiffs herein, as lessors, and the defendant, B. M. Smith, and another, one H. D. Kinney, entered into a purported lease to property described as "Sec Campbellton Rd. S. W. & Dodson Dr. S. W. Known As 2674 Campbellton Rd. S. W."

This instrument called for a payment of rent in a

stated sum with special stipulations as to a division with reference to the increase of any taxes in the future to be prorated between the lessor and lessee. During the period the property was rented plaintiffs allege taxes were increased and the tenants refused to pay their pro rata share for the year 1974.

In Count 1 plaintiffs seek judgment for nonpayment of the taxes. In Count 2 plaintiffs seek the sum of $3,100 plus interest in past due rent, including 10% attorney fees allegedly due if the rent is collected by and through an attorney.

Only the defendant Smith was served, who answered and denied the claim. H. D. Kinney was also named as a defendant in plaintiffs' complaint, but after a diligent search was not located and served.

A bench trial was held and the judgment was rendered by the court in favor of the plaintiffs. Defendant Smith appeals, contending the lease contract was void and unenforceable inasmuch as it did not contain a sufficient legal description of the property leased; the court erred in admitting certain exhibits; and in calculating the amount of taxes which would be due and enforcing attorney fees against the defendant. *Held:*

1. A contract purporting to create a relationship of landlord and tenant for a longer time than one year is required by the statute of frauds to be in writing. *Cashin v. Markwalter,* 208 Ga. 444 (67 SE2d 226). A contract involving real property which describes same to be at a certain street address but fails to describe in what city, county or state said property is located, the same is unenforceable inasmuch as the description is insufficient and fails to provide a key for determination by parol evidence. *Molton v. Woodruff,* 175 Ga. 168 (165 SE 59); *Callaway v. White,* 222 Ga. 371 (149 SE2d 689); *Harris v. Abney,* 208 Ga. 518 (67 SE2d 724).

2. However, the defendant herein when called for cross examination admitted the execution of the instrument but contended he did so as an accommodation to his bookkeeper who had also executed and co-signed this instrument. One of the owners of the property testified that he owned the property with the other plaintiffs; that the building was specially prepared at

considerable expense for a laundry and dry cleaning establishment for the defendants who went into possession and made payments; that the property was thereafter subleased or subrented to others, although he informed the tenants the assignment of the lease was not acceptable, and the rent became in arrears forcing him to obtain a writ of possession against the parties in possession. Here plaintiffs seek to collect the increased taxes, back rent and 10% attorney fees from defendant. The witness owner testified they had sought to collect the rent through legal counsel who had informed defendant that same was past due and unpaid.

The evidence was sufficient to determine a mere tenancy at will existed, even if the written lease was void. See *Hayes v. City of Atlanta,* 1 Ga. App. 25, 26 (2, 3) (57 SE 1087); *Alexander v. Rozetta,* 110 Ga. App. 660 (139 SE2d 451) and cases cited.

3. The writing (so-called lease) was admissible, but it had mere probative value to show whether or not any rent was due under the tenancy at will. See cases cited in Division 2 above.

However, it is apparent that the court considered the lease valid and enforceable in making its findings of fact. Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. *Carter v. State,* 93 Ga. App. 12, 21 (90 SE2d 672); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 248 (141 SE2d 223); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (1) (225 SE2d 778). Accordingly, this case is reversed and remanded in order for the court to make proper findings of fact and conclusions of law based upon the evidence before it and the law.

4. The enumerations of error as to the letter exhibits and whether or not the taxes were properly prorated will not be reviewed since these issues will have to be reconsidered by the court.

*Reversed and remanded as directed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 29, 1976 —

REHEARING DENIED NOVEMBER 1, 1976.

*Richard L. Stumm,* for appellant.
*Fred L. Cavalli,* for appellees.