## DICKENSON et al. v. WILLIAMS.

GILBERT, J. 1. Where for the purpose of securing a debt one conveys land to another by security deed, the deed conveys the legal title and leaves the grantor no interest in the land which can be subjected to levy and sale by a creditor whose judgment was obtained after the deed was executed. *Virginia-Carolina Chemical Co.* v. *Williams,* 146 *Ga.* 482 (91 S. E. 543). The sale of land under a fi. fa. against the holder of an equity therein who has conveyed the legal title to another to secure a debt, and while the legal title is thus held, is therefore void.

2. The right to contest the validity of a security deed on the ground that the notes secured by the deed contain usury is personal to the maker of the security deed, his representatives and privies. A stranger in interest will not be heard in an attack on a title claimed to be void for usury. *Scott* v. *Williams,* 100 *Ga.* 540 (28 S. E. 243, 62 Am. St. R. 340); *Long* v. *Gresham,* 148 *Ga.* 170 (96 S. E. 211).

3. Applying the foregoing principles, the issue of usury could not be pleaded by Dickenson and Sirmons for the purpose of showing a valid levy; but it could be pleaded by Williams, the grantor in the security deed, to show that the deed was void and that the power of sale contained therein was defective. The court did not err in granting the interlocutory injunction.

　　　　　　　　*Judgment affirmed. All the Justices concur.*
　　　　　　No. 2001. FEBRUARY 15, 1921.

Injunction. Before Judge Harrell. Decatur superior court. March 20, 1920.

On November 9, 1912, for the purpose of securing a debt, Grant

Williams executed to the Bank of Donalsonville a deed conveying described land. Thereafter Ed Dickenson & Company obtained judgment on open account against Williams, and the execution issued on the judgment was levied upon the land conveyed to the bank as security. While title to the land was thus held by the bank as security the land was sold at sheriff's sale under the fi. fa. in favor of Dickenson & Co., and Dickenson and Sirmons became the purchasers at the sheriff's sale but did not take possession. Thereafter Dickenson and Sirmons paid the debt of Williams to the bank and took a transfer of the notes held by the bank, which were past maturity. Dickenson and Sirmons advertised the land for sale under the power of sale contained in the deed to the bank. Williams filed a petition setting up the foregoing facts; alleging that the deed to the bank was infected with usury, and therefore was void; and seeking an injunction to prevent the sale or other disposition of the property, or interference by Dickenson and Sirmons with his possession. The judge issued a rule nisi and on the hearing granted an interlocutory injunction. The defendants excepted. Williams contends that the sheriff's deed did not carry title, because at the time the levy was made title to the land was outstanding under the security deed to the bank, and he had no leviable interest; and that, because the debt secured by the deed was infected with usury, the security deed was void and the power of sale contained therein could not be exercised. The defendants contend that if the deed from Williams to the bank was infected with usury the title was not conveyed thereby, and that in consequence the sheriff's deed to them was good as conveyance of title.

*W. V. Custer,* for plaintiffs in error.

*G. G. Bower* and *M. E. O'Neal,* contra.