## WALTON et al. v. WHITTON.

BECK, P. J. "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry, and without any lawful right whatever." Civil Code, § 5586. The evidence in this case of prior possession was sufficient to authorize the jury to find in favor

of the plaintiff under the provisions of the code section quoted. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786); Powell on Actions for Land, 405, § 305 et seq.; Louisville etc. R. Co. *v.* Philyaw, 88 Ala. 264 (6 So. 837); 19 C. J. 1052.

2. On the issue as to whether there had been such an abandonment by the defendant in error as to prevent recovery on prior possession, the jury under the evidence were authorized to find that the abandonment insisted on had not been with an intention not to return; and where there is animus revertendi exercised within a reasonable time, the plaintiff may recover. The jury, under all the facts and circumstances shown in this record, were authorized to find that the plaintiff, after her prior possession, had not abandoned the land in dispute with an intention not to return.

3. No ruling of the court pending the trial is excepted to, but the motion is based upon the usual general grounds; and the evidence being sufficient to support the verdict, the judgment of the court below refusing a new trial is *Affirmed. All the Justices concur.*

No. 4311. JULY 30, 1924. REHEARING DENIED OCTOBER 2, 1924.

Complaint for land. Before Judge Irwin. Haralson superior court. February 29, 1924.

*Edwards & Edwards,* for plaintiffs in error.

*Mundy & Watkins* and *M. J. Head,* contra.