## ROLLINS *v.* COX *et al.; et vice versa.*

1. Under the facts of the case, the court did not err in admitting evidence that plaintiff had been in possession of the land in controversy, over the objection that the same amounted to "mere conclusions." *Steinheimer* v. *Bridges*, 146 *Ga.* 214 (2) (91 S. E. 19), and cit.

2. The court, under the facts, did not err in admitting oral evidence to show that a written transfer of a bond for title, "merely attached by a pin" thereto, was in fact intended to transfer the bond identified by the witness.

3. Plaintiff and the defendants claim the land under a common grantor. The plaintiff had possession under a bond for title, with a portion of the purchase-money paid. The plaintiff can maintain suit for recovery of the land, based upon these facts. The defendants claim under a sheriff's deed, based upon a judgment against the transferor of the bond for title held by the plaintiff, obtained subsequently to such transfer. There being no conflict in the evidence on this question, the court did not err in directing a verdict for the recovery of the land in favor of the plaintiff.

4. According to the undisputed evidence, the plaintiff was in possession of the land; and the defendants' deed having been executed in pursuance of a void levy and sheriff's sale, the plaintiff was entitled to a cancellation of the defendants' deeds as well as of the sheriff's deed. The court erred in directing a verdict "against the plaintiff for a cancellation" of such deeds.

5. The evidence did not demand a verdict against the plaintiff for damages. There was evidence for the plaintiff tending to show that he bought the gin outfit from parties other than the defendants in fi. fa. and that such property did not at any time belong to the defendants in fi. fa.; and hence no judgment lien attached thereto. The court therefore erred in directing a verdict against the plaintiff for damages.

Nos. 5565, 5599. MAY 3, 1927.

Equitable petition.    Before Judge Maddox.    Walker superior court.    May 4, 1926.

A. M. Rollins filed an equitable petition against the Bank of LaFayette, J. M. Cox, W. R. Hammontree, D. W. Stiles, and L. W. Harmon, sheriff of Walker County, and alleged that petitioner was the owner of certain described property in the City of Rossville, known as the Rossville gin property, the realty being held by him under a bond for title executed by L. M. Gainer to H. M. Rollins, and transferred by H. M. Rollins to petitioner, and certain gin machinery on said property being held under conveyances from the Crystal Springs Bleachery Company; that on November 26, 1923,

Ejectment, 19 C. J. p. 1047, n. 85; p. 1059, n. 62, 66; p. 1061, n. 5.
Evidence, 22 C. J. p. 531, n. 38; p. 534, n. 84; p. 1157, n. 47, 48.
Executions, 23 C. J. p. 740, n. 22; p. 978, n. 43.

the sheriff levied on said property under an execution in favor of the Bank of LaFayette and against H. M. and A. V. Rollins, and did sell the same, after advertisement, to D. W. Stiles on January 2, 1924, for the sum of $250; that on January 2, 1924, Stiles conveyed said property by quitclaim deed to the Bank of LaFayette for $250, and said bank by quitclaim deed conveyed the same later to J. M. Cox and W. R. Hammontree; that said sale was null and void, because no title to said property was in said H. M. and A. V. Rollins since rendition of a judgment in favor of said bank, and the sale was a trespass upon the property of petitioner; that the property was levied on at the direction of the bank or its attorney; that Hammontree and Cox were in possession, had dismantled and shipped outside the State certain of the equipment of the gin, were proceeding to dismantle certain buildings, and were collecting rents amounting to $12 per month; that demand had been made on Hammontree and Cox for possession, which was refused; that they were insolvent and unable to respond in damages or to render an accounting; that Stiles was really the agent of the bank as were also Cox and Hammontree; that plaintiff and certain of the defendants claim under the common source of H. M. Rollins, who had never held any other title than that set forth in said bond for title; that by reason of said trespass petitioner has been damaged in the sum of $8000; and that by reason of his possession under bond for title he is entitled to recover said land. He prayed that he recover the property with all personalty thereon; that Cox and Hammontree be enjoined from further altering the condition or status of the property; that petitioner have judgment against the bank, Stiles, Cox, and Hammontree, "by reason of trespass committed on petitioner's property," in the sum of $8000, and the further sum of $2000 damages for the rents, issues, and profits thereof; for discovery, and for general relief.

In an answer filed by the bank, Stiles, and Harmon, the bank denied that plaintiff owned the property involved or had ever been in possession thereof, and alleged that the same was the property of H. M. Rollins at the time of levy, one of the defendants in fi. fa., who held the same under a contract of purchase from Gainer; that the purchase-money had not been paid; that any bond for title held by plaintiff from Gainer was fraudulent, procured through

conspiracy entered into between plaintiff and Rollins to prevent the bank from proceeding against the property with the execution against Rollins. The bank admitted the public sale to Stiles for $250, the quitclaim by him to it for the same sum, the quitclaim by it to Cox and Hammontree, and that Stiles was acting for the bank, but denied that Cox and Hammontree were acting for it. Stiles admitted the same allegations as to the sale, as did Harmon, the sheriff. Cox and Hammontree answered, admitting their possession, and alleging that the gins and equipment had been sold by them to one Reynolds and shipped by him to Alabama before the suit was filed. They denied they were dismantling the building, but alleged that the building on the property was constructed by them at their own expense, on which they were entitled to the rents. They set up that they were willing for the court to appoint a custodian to handle rents and profits until termination of the litigation; that they were not acting for the bank, but for themselves under a bona fide purchase from the bank, with the understanding that the bank had good title and a right to sell; that they paid $500 cash for the property and spent $550 on improvements thereon; that plaintiff had never made any claim to the property until he filed suit, the same being held by his sons, A. V. and H. M. Rollins, who were in possession and claimed title with the knowledge and consent of plaintiff until after the judgment was rendered against them in favor of the bank. Cox further answered, setting up as follows: "The contract between the Bank of LaFayette as seller of the property described in the petition and W. R. Hammontree and J. M. Cox as purchasers is shown by quitclaim deed of the Bank of LaFayette to W. R. Hammontree and J. M. Cox, dated May 6, 1924, conveying lots 25 and 26, described in the petition, for the sum of five hundred dollars. This also conveys four gin stands and equipment, including shafting, located in the building on said land. It was represented by the bank that they had a sheriff's title, that it was a good title, and they turned over to me deed from the sheriff of Walker County to D. W. Stiles, recorded in Book 43, page 305, also deed of D. W. Stiles to the Bank of LaFayette, recorded in Deed Book 44, page 164. I bought this property in good faith; paid the price $500 in cash."

On the trial evidence was introduced by both sides, tending to establish the several contentions, including documents composing

the various conveyances and assignments, and oral testimony. At the conclusion thereof the court directed the following verdict: "We, the jury, find in favor of the plaintiff the lands in dispute, and against the plaintiff for the cancellation of the deeds, and for all damages for trespass." To so much of the directed verdict as found against him for cancellation of deeds and damages for trespass, the plaintiff excepted on the ground that the same was contrary to law and to the evidence. To so much of the verdict as found in favor of the plaintiff the property in dispute, the defendants excepted in a cross-bill, on the ground that the same was contrary to law and the evidence. The defendants also excepted to the court's overruling their objections to certain oral testimony. They also excepted to the court's admission in evidence, over their objection, of the bond for title tendered by plaintiff, to which was attached the transfer thereof set up in the petition. The ground of objection was that the transfer was attached by a pin, did not describe any property involved, did not describe or refer to said bond for title, did not identify the same, and that there was no proof that said transfer was ever delivered to plaintiff. The evidence, without conflict, showed that plaintiff, A. M. Rollins, had been in possession of the property under the bond for title transferred to him.

*Henry & Jackson* and *Denny & Wright,* for plaintiff.

*Rosser & Shaw, O. N. Chambers,* and *Maddox, Matthews & Owens,* for defendants.

GILBERT, J. Headnotes 1, 2, and 4 do not require elaboration.

3. Plaintiff and defendants claim the land in controversy under a common grantor. Under the proved facts the claims of both begin with Gainer, who held title and who executed a bond for title to H. M. Rollins, who went into possession with part of the purchase-money being paid. H. M. Rollins transferred his bond to A. M. Rollins for a valuable consideration, and the transferee went into possession. Subsequently to the transfer the Bank of LaFayette obtained a judgment against H. M. Rollins, and caused an execution to be levied on the land, in the possession of A. M. Rollins. The land was sold at sheriff's sale, bought in by the bank, and sold to defendants, Cox and Hammontree. Thus A. M. Rollins had possession of the land under a bond for title; and although the full purchase-money had not been paid, he could main-

tain the suit. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786); *Walton* v. *Whitton,* 158 *Ga.* 741 (124 S. E. 338). H. M. Rollins never at any time, under the evidence, had legal title to the land. The legal title was at all times held by Gainer, who never has been fully paid. H. M. Rollins transferred his equity, evidenced by his bond for title, to A. M. Rollins, and when the bank obtained its judgment H. M. Rollins owned no interest whatever in the land, and hence no judgment lien attached thereto. H. M. Rollins, defendant in fi. fa., did not at any time have a leviable interest in the land. The legal title at the time of the levy was in the vendor, and the equity in A. M. Rollins; and the levy and sale were void. Civil Code (1910), § 6037 et seq.; *Virginia-Carolina Chemical Co.* v. *Williams,* 146 *Ga.* 482 (91 S. E. 543); *Dickinson* v. *Williams,* 151 *Ga.* 71 (105 S. E. 841); *Carlton* v. *Reeves,* 157 *Ga.* 602, 605 (122 S. E. 320); *Kidd* v. *Kidd,* 158 *Ga.* 546, 553 (124 S. E. 45, 36 A. L. R. 798). Accordingly, there being no conflict in the evidence on this question, the court properly directed a verdict in favor of the plaintiff for the land.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*