## RITCHIE V. JOHNSON.

### In case McLane v. Birliner.

1. EJECTMENT : *Writ of possession: Entry of premises pending action: Presumption.*
   After judgment for the plaintiff in an action of ejectment, he applied for a writ of possession against a person found in the occupancy of the premises, and who entered while the action was pending. Upon the hearing of such application, *held*: That the person so entering is presumed to hold under the defendant, and if he holds by an independent title, it is incumbent upon him to show it.

2. SAME: *Same: Independent title.*
   A plaintiff in ejectment who recovers the possession of the premises sued for, is entitled to a writ for the delivery thereof, against a person who enters under the defendant after the commencement of the action ; and such person cannot resist an application for the writ by claiming to hold under an independent title acquired after his entry.

APPEAL from *Miller* Circuit Court in Chancery.
C. E. MITCHEL, Circuit Judge.

*John B. Jones,* for Ritchie.

All who enter upon land pending an action of ejectment are subject to be removed by final process. 3 *Sneed,* 85; *Gwynne on Sheriffs,* 418; 10 *Allen.* 136; 2 *A. K. Marsh,* 40; 4 *Ala.,* 592; 41 *Cal.,* 501.

A person in possession when restitution is ordered, is presumed to hold under the defendant and to avoid dispossession must show affirmatively an independent and paramount right. 22 *Cal.,* 200. This presumption is not overcome in this case.

———

*U. M. & G. B. Rose* and *L. A. Byrne,* for Mrs. Johnson.

Under the writ of assistance no one can be ejected except a party to the suit. 30 *Ark.,* 594; 46 *Id.,* 274; 1 *Dillon,* 458; 21 *Cal.,* 87.

Even if respondent had been a party to the suit, a writ of assistance would not run against her unless it appears that the title which she now sets up was put in issue in that suit. 47 *N. J. Eq.*, 602; 54 *Cal.*, 435; 45 *Id.*, 316.

Mrs. Johnson was not a party to the suit, and claimed under no party, and no writ can issue against her. 13 *N. E. Rep.*, 541. A writ is never awarded in a case of doubt, 28 *N. J. Eq.*, 412; 22 *Id.*, 31.

See 45 *Cal.*, 647; 21 *Wall.*, 293; 38 *Cal.*, 234; 24 *Id.*, 561; 36 *Ill.*, 53; 11 *Abb. Pr.*, 222; 8 *Paige*, 33; 11 *Wisc.*, 454.

VALENTINE, Special Judge. On the 24th of October, 1878, James Ritchie brought suit by ejectment in the Miller circuit court against Bero Berliner and Sarah L. Berliner his wife, for the recovery of lot number (5) five, in block number (73) seventy-three, in the town of Texarkana, Arkansas.

Pending the subsequent litigation, Ritchie died, having previously conveyed the property to his wife, Lucy Ritchie.

The case was afterwards transferred to the equity docket, and at the July term, 1885, a decree was rendered in favor of the defendant, Sarah L. Berliner, as the owner and party in possession of the property.

On appeal to this court, and at the May term, 1887, the decree was reversed and a judgment entered in favor of Lucy Ritchie for the recovery of the premises in controversy. *McLain. Adr., v. Berliner*, 49 *Ark.*, 218.

Upon this judgment a writ of possession was issued, directed to the sheriff of Miller county, commanding him to take the possession from the defendants, Bero and Sarah

L. Berliner and deliver the same to the plaintiff, Lucy Ritchie.

The sheriff returned this writ unserved, alleging as his reason therefor, that he did not find the defendants in possession, but found the premises in possession of H. S. Johnson and Jane R. Johnson, his wife, who claimed title under a deed from the defendant, Sarah L. Berliner, to Jane R. Johnson, dated October 13th, 1885, and also under bond for title from J. F. and J. C. Kirby, dated November 29th, 1887, the Kirbys claiming title under a patent from the state of Arkansas.

Thereupon Lucy Ritchie filed her petition in this court, reciting her recovery here, the issue of the writ of possession and refusal of the sheriff to execute it, and praying that an *alias* writ be issued, commanding him to take the possession of the premises from H. S. and Jane R. Johnson and deliver them to petitioner.

Mrs. Johnson filed a response, alleging that she was not a party to the suit, or in any way bound by its determination, and claiming that she holds the possession under a conveyance made by the state of Arkansas to J. F. and J. C. Kirby on the 25th of September, 1883, and under a bond for title from them to her on the 29th of November, 1887. Copies of these deeds are filed as exhibits.

To this response Mrs. Ritchie filed an answer, denying that Mrs. Johnson claimed title under the Kirby deed, and alleging that, until the determination of this suit in June, 1887, her only claim of title was under a deed from the defendant, Sarah L. Berliner, executed October 13th, 1885, and during the pendency of this suit. This deed is exhibited with the answer.

These are all the material facts in the case as presented by the pleading and exhibits.

**1. EJECT- MENT.** Entry of premises pending action: Presumption.

There is no evidence as to the time when Mrs. Johnson actually went into possession. The only positive statement with regard to possession at all, is in Mrs. Johnson's answer filed January 30th, 1888, in which she says she *holds* possession under the Kirby deed. Several weeks before this, the sheriff, when proceeding to execute his writ, had found her in possession.

The law presumes that she was holding under the defendant, and if this was not the case, and she really held by an independent title, it is incumbent upon her to show it. *Sampson v. Ohleyer*, 22 *Cal.*, 200; *Leese v. Clark*, 29 *Cal.*, 664; *Wetherbee v. Dunn*, 36 *Cal.*, 147; *Freeman on Executions, sec.* 475.

The mere statement made several weeks afterwards in an unsworn pleading, that she was then holding by such title, would scarcely be sufficient to rebut the legal presumption. This, together with the fact that she had obtained a deed from the defendant Mrs. Berliner since the commencement of the suit, forces us to the conclusion that she acquired the possession under her.

It is settled beyond controversy that, in an action of ejectment, a party who goes into possession under the defendant is liable to be turned out by the writ. *Hanson v. Armstrong,* 22 *Ill.,* 442; *Wallin v. Huff,* 3 *Sneed,* 82; *Howard v. Kennedy,* 4 *Ala.*, 592; *Freeman on Judgments, sec.* 171 *and cases cited; Freeman on Executions, sec.* 475 *and cases cited.*

It is equally well settled that a party holding by independent and paramount title will not be turned out. *Long v. Morton,* 2 *A. K. Marshall,* 39; *Clark v. Parkinson,* 10 *Allen,* 133; *Ford v. Doyle,* 37 *Cal.*, 346; *Garrison v. Savanac,* 25 *Mo.*, 47; *Powell v. Lawson,* 49 *Geo.*, 290.

This case presents both phases. Mrs. Johnson went in under Mrs. Berliner, the defendant, and now holds under

an outside and independent title which has never been adjudicated.

Can she do this? In other words, conceding the Kir-by title to be good, can she tack her possession acquired from the defendant under a bad title, to the subsequently acquired good title and thus bid defiance to the writ? This is an entirely new question in this court.

2. SAME: Writ of possession Independent title.

*Freeman on Judgments*, sec. 171 says: "The action of ejectment being purely a possessory action, a number of persons are considered as in privity therein to the extent that they must yield up the possession to the prevailing plaintiff, though their title to the property remains unadjudicated, and is capable of being successfully asserted against the now successful party in some subsequent controversy. When considering the force of a judgment in ejectment, privies ' are those who entered under, or acquired an interest in the premises from or through, or entered without title by collusion with, defendants subsequent to the commencement of the action.' "

This and the authorities cited in support of it, fully sustain the position that Mrs. Johnson entered in privity with Mrs. Berliner and stands in her shoes.

If the statement by Mr. Freeman that, " the action of ejectment is purely a possessory action" be correct, this ends the controversy, for it would be absurd to say that an action exclusively for one purpose could be thwarted by circumstances entirely extraneous and independent.

But it is not necessary to concede, without qualification, that the action of ejectment is "purely possessory." It is sufficient to say that, as modified by our statute, and though based upon title, it is still essentially a possessory action. *Hill v. Plunkett*, 41 *Ark.*, 465.

Mrs. Johnson's grantor, Mrs. Berliner, might, had she chosen to do so, have set up the Kirby title as a defense

to Mrs. Ritchie's suit, and if successful, Mrs. Johnson would have reaped the benefit. She failed to do this, and her grantee ought not now to be heard to complain if the burden is thrown upon her and not upon the successful plaintiff. *Montgomery v. Whiting,* 40 *Cal.,* 294.

In *Kircheval v. Ambler,* 4 *Dana,* 166, Forman and Ambler, at the same term of court, recovered separate judgments in ejectment for the same land against Kercheval. Forman entered under a writ of possession and at once leased to Kercheval. Afterwards, under a writ issued under the Ambler judgment, the question arose whether Kercheval could be dispossessed. The court while conceding that Kercheval held under Forman, and that Forman himself, if in actual occupancy, could not be dispossessed, held that Kercheval could not set up his actual possession acquired from a stranger against a writ under a judgment to which he was himself a party.

This is a stronger case than the case now before the court, because Mrs. Johnson can, with regard to the possession, occupy no better position than her grantor, Mrs. Berliner, while Kercheval did actually occupy the better position of his lessor, Forman, who could himself have successfully resisted the writ.

As we decide the case adversely to Mrs. Johnson, it becomes unnecessary to discuss the apparent validity or invalidity of her deed from the Kirbys, and on this we decline to express an opinion.

A writ of possession is awarded as prayed for.

BATTLE, J., did not sit in this case.