## PRICE *v.* GREER.

Opinion delivered July 29, 1905.

1. TRESPASS—WHEN MAINTAINABLE.—In actions for trespass it devolves upon the plaintiff, before he can maintain the action, to show either possession or title, mere color of title being insufficient. (Page 429.)

2. SAME—SUFFICIENCY OF EVIDENCE.—A verdict will not be sustained in an action of trespass on several tracts of land if it fixed the gross value of the timber cut from all the land, and the proof failed to

show plaintiff's title or possession as to part of the land, or to show the amount of timber cut from each tract. (Page 429.)

3. LIMITATION—PAYMENT OF TAXES FOR SEVEN YEARS.—Evidence that plaintiff paid the taxes on wild and unimproved land for more than seven years, without proving that at least three of such payments were made after the passage of the act of March 18, 1899, was insufficient to show title under that act. (Page 429.)

4. TRESPASS—SUFFICIENCY OF ANSWER.—As in actions of trespass upon real estate it is not necessary for plaintiff in his complaint to deraign title, but only to allege that he is the owner or in possession, all other allegations of ownership of a more specific character may be disregarded, and need not be denied in the answer. (Page 430.)

5. SAME—SUFFICIENCY OF PLAINTIFF'S TITLE.—In actions for trespass on land it is not necessary for the plaintiff to deraign title, but only to allege ownership or possession. (Page 430.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

### STATEMENT BY THE COURT.

This is an action brought by appellee, B. W. Greer, against appellant, C. A. Price, for trespass upon several tracts of lands claimed by appellee, aggregating 495.97 acres, by cutting timber therefrom. The complaint alleges that the plaintiff is the owner of the lands in question, and that he "has been in the possession of the same and paying the taxes assessed against said lands continuously for the past twelve years." Damages are laid in the sum of $3,000.

The defendant answered, admitting that he cut the timber on the land, and that plaintiff was the owner of the land at the time of the suit, but denying that plaintiff was the owner of the land at the time the timber was cut, and denying "that the plaintiff is in possession of said land, and has been in such possession for the past twelve years."

The jury returned a verdict in favor of the plaintiff, and assessed the damages at $1,250, and the defendant appealed.

*J. G. Holland* and *J. W. & M. House,* for appellant.

A quitclaim raises no color of title, unless it appears that the grantor has some title to or the possession of the land. 3 Washb. R. Prop. 155; 14 N. H. 111; 50 Ark. 322. In this case

appellee's chain of title begins with a tax deed void on its face, because:

(1) A county clerk is not allowed to purchase lands at a delinquent tax sale.  34 Ark. 582.

(2) A tax sale showing sale of more than one tract is void.  29 Ark. 476; 30 Ark. 579; 31 Ark. 491.

(3.) A sale on August 2, 1869, was on a day later than the law authorized, and was therefore void.

A tax deed void on its face is no cloud on a title.  27 Ark. 675; 55 Ark. 549; 30 Ark. 579.  To maintain trespass, the plaintiff would have to show actual possession or such a state of facts as would imply possession.  44 Ark. 74.  There is no constructive or implied possession under a tax deed void on its face.  57 Ark. 523; 60 Ark. 163.  As both parties to this action really claim under a common source of title, G. W. Andrews, the appellee can not dispute the right of appellant in the timber, the deed of the latter being prior in time to the former.  38 Ark. 181; 41 Ark. 17.

When both parties claim title to land under the same grantor, both are estopped to deny his seisin.  44 Ark. 516.

When a tax deed is executed without power, no benefit can be derived under it.  The deed from John A. Cole, clerk, to John A. Cole was a fraud upon its face, and put everybody upon notice.  32 Ark. 131; 35 Ark. 505; 13 Mich. 329; 16 Mich. 12; 23 Ind. 46; 21 Iowa, 70; 42 Mo. 162; 29 Iowa. 356.

*S. Brundidge, Jr.,* for appellee.

Appellee has color of title.  102 U. S. 540; 40 Ark. 237; 47 Ark. 531; 70 Ark. 487; 71 Ark. 390; 71 Ark. 386; 96 Ga. 860; 7 Wash. 617; 32 N. E. Rep. 309; 2 Blackw. Tax Titles (5th Ed.) sec. 861; 13 How. 477.

McCULLOCH, J., (after stating the facts.)  In actions for trespass upon land it devolves upon the plaintiff, before he can maintain the action, to show either title or possession.  Mere color of title is not sufficient.  The plaintiff in the trial below introduced a chain of title deeds conveying the lands in question, running back to a deed from one John A. Cole in 1881.  These deeds constituted color of title, but do not show a perfect chain of title.  He also introduced a deed, dated February 7, 1872, from John A. Cole, as clerk of White County, to John A. Cole

(whether the grantor and grantee are the same individual does not appear), conveying part of the lands (295.97 acres) pursuant to sale for taxes. The validity of the tax sale and appellee's title thereunder is attacked by appellant, but we need not determine the question of its validity, inasmuch as the proof does not show the amount of timber cut from each tract; and as the verdict of the jury fixes the gross value of the timber cut from all the land, the case must be reversed unless the plaintiff has shown his right to recover for the timber cut from the other tracts. The burden was upon appellee to prove his title or possession.

It is not claimed that he had actual possession, the lands being wild and unoccupied, but he sought to establish title to and possession of all the lands by showing compliance with the act of March 18, 1899, in paying taxes.

This court, construing that statute in the case of *Towson* v. *Denson,* 74 Ark. 302,, held that the payment of taxes on wild and unimproved land under color of title constitutes possession for each successive year in which payment is made, provided, however, that such payments be continued for at least seven years in succession, and not less than three after the passage of the statute.

The only testimony on the point was that of J. H. Greer, a brother and agent of the plaintiff, who said that he had "paid taxes on all these lands since 1891." He did not say what years he paid, nor give the dates of payments. This was sufficient to warrant the jury in finding that he paid the taxes continuously since 1891, and made the payments within the times required by law for paying taxes; but it does not authorize a finding that three payments were made before the date of the trespass and after March 18, 1899, so as to bring the case within the terms of the statute. The trespass commenced in June, 1901, and, in order to have made three tax payments before that time, he must have paid for the years 1898, 1899 and 1900. Now, the jury could have found from this testimony that the plaintiff paid the taxes for the year 1900 on or before April 10, 1901, and for the year 1899 on or before April 10, 1900, but there was nothing on which to base a finding that he paid for the year 1898 after March 18, 1899. The taxes of that year were payable at any time from the first Monday in January to April 10, 1899, and, for aught that appears in proof, the same may have been paid before

March 18, 1899. The burden was upon plaintiff to show, if such was a fact, that he made this payment after March 18, 1899, for that was essential in order to show compliance with the terms of the statute. This being true, the evidence is insufficient to sustain the verdict as to title or possession of the plaintiff, and the same must be set aside, and a new trial granted.

· It is urged by counsel for appellee that the allegation of tax payments by the plaintiff is not denied in the answer, and was not an issue in the trial below; but we think he is mistaken. It is true that the defendant's answer does not specifically deny the payment of taxes by the plaintiff, but it does deny that the plaintiff was the owner or has had possession of the land. If a more specific denial was to be required, it should have been pointed out by motion at the proper time. In actions for trespass upon real estate, it is not necessary for the plaintiff in his complaint to deraign title. It is only necessary for him to allege that he is the owner or in possession. All other allegations of ownership of a more specific character may be treated as a surplusage, and the defendant need not deny them. The title and possession of defendant was, we think, denied with sufficient certainty to put the same in issue; and as the testimony failed to establish either, the judgment must be reversed, and the cause remanded for a new trial.

BATTLE, J., absent.