BRADLEY LUMBER COMPANY *v.* MILLER.

Opinion delivered February 28, 1910.

ADVERSE POSSESSION—BURDEN OF PROOF.—Where plaintiff relies on the seven-years statute of limitation of March 18, 1899, providing that unin-closed and unimproved lands shall be deemed to be in possession of the person who pays taxes thereon under color of title, it must sustain the burden of bringing itself within the terms of such act.

Appeal from Bradley Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

Appellant sued Miller & Daniels to recover timber cut from a certain tract of land. The cause was transferred to equity. The decree quieted title in Miller. Plaintiff appealed.

*D. A. Bradham, Austin & Danaher,* and *John B. Jones,* for appellant.

*Williamson & Williamson,* for appellees.

McCULLOCH, C. J. There is involved in this case the title to a tract of land in Bradley County, described as the southwest quarter of section 36, township 12 south, range 9 west, contain-ing 160 acres. Appellant's claim is based on color of title and payment of taxes for seven years in succession, the turning point in the case being whether or not the continuity of appellant's possession was broken before payment had been made seven times in succession by failing to pay the taxes as-sessed for the year 1900. The case was heard on an agreed statement of facts recited in the decree and copies of tax receipts introduced in evidence by agreement of the parties. The chancel-lor found against appellant's claim of title, and we discover no evidence in the record establishing the fact that appellant paid the taxes for the year 1900. Neither the agreed statement of facts nor the copies of tax receipts show such payment. Appel-lant contends that there is a clerical error in the tax receipt for that year in failing to properly describe the tract; but this is not

proved, and there is no entry on the tax receipt which can be construed as describing the tract in controversy. The entry referred to by counsel, which is in the following letters and figures, "SW qr. 12, 9, 9," plainly refers to another tract, if it be held to be a sufficient description of any tract at all.

The burden was on appellant to bring itself within the terms of the act of 1899 providing that uninclosed and unimproved lands shall be deemed to be in possession of the person who pays taxes thereon under color of title. *Price* v. *Greer*, 76 Ark. 426; *Gaither* v. *Gage*, 82 Ark. 51.

On the record presented, the decree of the chancellor was correct, and the same is therefore affirmed.