RUCKER *v.* ARKANSAS LAND & TIMBER COMPANY.

Opinion delivered March 26, 1917.

1. PROPERTY—DESCRIPTION—"FRACTIONAL."—The abbreviation "Frl." in the description of lands has reference to a term commonly used indicating a section or part of a section according to the government surveys. The word "fractional" is not synonomous with the word "part."

2. TAX SALES—VALIDITY OF DESCRIPTION.—The description of lands under a tax sale, as "Frl. S½ of NW¼ 18-16-14, 53 acres," *held* sufficient; the word "frl." indicating that the subdivision is a fractional subdivision of a section.

Appeal from Union Chancery Court; *James M. Barker,* Chancellor; affirmed.

*J. K. Mahony*, for appellant.

1.  The description "Frl S½ of NW ¼, 53 acres" is uncertain and indefinite, and the tax sale, tax deed and confirmation are void.  64 Ark. 580; 43 S. W. 977; 99 Ark. 154; 83 *Id*. 154; 85 *Id*. 4; 106 S. W. 1169.

2.  The confirmation decree is void for other reasons.  71 Ark. 211; 84 *Id*. 1.  Appellant acquired title by limitation.  Kirby's Digest, § 656, etc.

McCULLOCH, C. J.   This is an action instituted in the chancery court of Union county by appellant John G. Rucker to confirm, under Kirby's Digest, sec. 649, *et seq*., the title to numerous tracts of land, and to cancel the tax title under which appellees hold a tract described as the Frl. S½ of NW¼, sec. 18, tp. 16 south, range 14 west.   Appellees were made defendants to the suit and the complaint was dismissed for want of equity as to the above described tract of land.   This appeal only brings into review the ruling of the court concerning the title to that tract.   It is alleged in the complaint that appellees had claimed title under a tax sale in the year 1895 for the taxes of 1894; that said sale was void on account of the description of the land sold being too indefinite to identify it and that appellees had, subsequent to the sale, secured a decree of confirmation under the same description, which decree was also void for the same reason.   Other questions are argued in the brief, but the record is not sufficiently abstracted to call for a review of any other question, save the one mentioned above concerning the identity of the tract of land involved as described on the tax books.   The description on the tax book is as follows: "Frl. S½ of NW¼ 18-16-14, 53 acres."   The contention is that the abbreviation "Frl." for the word "Fractional" is synonymous with the word "part" and merely indicates an unidentified portion of the subdivision mentioned, which renders the description void for uncertainty.   This is an incorrect interpretation of the meaning of the abbreviation, for it has reference to a term

commonly used indicating a section or part of a section
according to the government surveys. A description
used on tax books, like a description used elsewhere,
has reference to government surveys and a mere speci-
fication of the section or subdivision thereof is sufficient.
If it is in fact a fractional section or subdivision it is so
indicated on the government survey and it is unneces-
sary to use the word "fractional" as a descriptive word,
and, on the other hand, the improper use of the word,
when the section is not fractional, does not invalidate
the description. The fact that the acreage is stated
incorrectly does not lessen the certainty of the descrip-
tion. In the case of *Chestnut* v. *Harris*, 64 Ark. 580,
Judge Battle, speaking for the court, said: "The
statutes of this State provide that each tract or lot
of real property shall be so described in the assessment
thereof for taxation as to identify and distinguish it
from any other tracts or parts of tracts; and the same
shall be described, if practicable, according to section,
or subdivisions thereof, and congressional townships.
They recognize the survey of the United States, and the
division of lands, according thereto, into townships and
ranges, and sections and parts of sections, and that a
description according to such survey will be good and
sufficient. For this reason it has been held that a
description of land for assessment by the abbreviations
commonly used to designate government subdivisions
would be sufficient." In the case of *Little Rock & Fort
Smith Railway Co.* v. *Evins*, 76 Ark. 261, there was
involved the question of validity of a tax sale of lands
described very much the same as in the present case by
the use of the abbreviation "Fr." indicating the word
"fractional" and the court held that it was a good
description. In the opinion it was said: "We under-
stand from this description that the land meant is the
northeast fractional quarter of the northeast quarter of
section twenty-two, in township eight north, and in
range twenty-two west, situated in the county of John-
son, in the State of Arkansas. This description is

sufficient." The word "fractional" used in a description cannot be construed to indicate a part of a subdivision without specifying more definitely the particular part to be described, for when so construed it would mean no more than the use of the word "part," but where it is used as in the present case, it would merely indicate that the subdivision is a fractional subdivision of a section. Our conclusion, therefore, is that the description was sufficient and that the attack upon the validity of the sale is unfounded.

      Decree affirmed.