VANNDALE SPECIAL SCHOOL DISTRICT No. 6 *v.* FELTNER.

4-8001                                           197 S. W. 2d 731

Opinion delivered November 25, 1946.

Rehearing denied December 23, 1946.

744

*J. L. Shaver,* for appellant.

*Giles Dearing,* for appellee.

Ed. F. McFaddin, Justice. This appeal involves a school building and the land on which the building is situated.

The appellant filed suit against appellee in the chancery court, alleging: (1) that in 1914 Mary Lee Mann and her husband executed a deed to School District No. 3 for one acre of ground; (2) that the school building was constructed in 1914 and is still standing; (3) that School District No. 3 was duly and legally consolidated with the appellant district in 1944, appellant thereby becoming the owner of the building and land here involved; (4) that the said schoolhouse has been used as a bus station by the plaintiff ever since the consolidation; and (5) that the defendant unlawfully took possession of the school building and land, and refused to surrender possession to the plaintiff. The prayer of the complaint was for a decree, adjudging plaintiff's title and for possession and for damages. A copy of the deed from Mary Lee Mann to School District No. 3 (attached to the complaint as the plaintiff's muniment of title) stated that the land therein described was conveyed to School District No. 3

"so long as said land is used for school purposes and no longer."

On defendant's motion, the cause was transferred to the circuit court, and defendant there answered: (1) alleging that the appellant district "had completely abandoned said school building" after the consolidation with District No. 3 in 1944; (2) denying that the school building had been used for school purposes since 1943; (3) alleging purchase of the land from the State of Arkansas for delinquent taxes; and (4) claiming also under a deed from T. E. Lines and wife to Feltner in January, 1945.

The cause was tried to a jury, with each party introducing evidence tending to sustain its pleadings. The result was a verdict and consequent judgment in favor of Feltner; and the school district has duly appealed, presenting the points now discussed.

I.  *Appellant Claims That It Was Entitled to an Instructed Verdict.* The appellant argues that the school building was not located on the acre of ground described in the Mann deed, but located on an adjoining 40-acre tract; and that the school district acquired title to the actual location by adverse possession rather than by reason of the deed from Mary Lee Mann to School District No. 3. From this, the school district contends that it held title to the actual location by adverse possession, and that there was no reversion, and that the school district could maintain ejectment against Feltner at any time within seven years of Feltner's possession (which began in 1945).

The vice of appellant's argument lies in the fact that the appellant claimed title to the building and land, under and through the deed from Mary Lee Mann to School District No. 3, and could not also claim adversely to that title. Appellant not only attached a copy of the deed to its complaint, but also introduced the deed in evidence as its muniment of title. It is clear that the school building is not located on the acre of ground described in the Mann deed. But the proof shows that the

change of location was agreed to by the parties before the school building was constructed. There was never any prayer for reformation of the deed. If reformation had been sought, then a motion to transfer to equity, if made, might have been sustained. Appellant relied on its deed from Mary Lee Mann, and cannot at the same time claim adversely to its grantor.

The trial court covered this point in instruction No. 2, worded as follows: ".You are instructed in this case that it is not material whether the plaintiff district occupied the land in question for school purposes under the deed from Mary Lee Mann or under a verbal agreement between the School Directors and Mary Lee Mann and that in either case the district would have a right to keep and maintain the land in question as long as it was used for school purposes."

The trial court could—and doubtless would—have gone further, had the appellant so requested, and defined what was meant by the expression, "for school purposes.". In the recent case of *Rose* v. *Marshall School District, ante,* p. 211, 195 S. W. 2d 49, we discussed that expression. But, even if the court had fully defined the expression, still the testimony was in sharp dispute as to whether the district had ceased to use the building as a bus stop.

II. *The Appellant Argues That the Trial Court Was in Error in Giving Instruction No. Three.* This instruction, given over the general and special objections of the appellant, reads as follows: "You are instructed that if you find by a preponderance of the testimony that the property in question was no longer used for school purposes prior to and at the time the defendant took possession of said property, then you are told that the school district lost its right to said property and your verdict will be for the defendant."

This instruction was erroneous. Even if the appellant district had ceased to use the building for school purposes, still there is nothing in the evidence to show

that Feltner was entitled to the building and land because of such non-user.

Appellee introduced two deeds as his only claim of title. The first of these was a donation deed from the State of Arkansas to appellee for 160 acres of land, which included both the acre of land contained in the Mann deed, and also the ground on which the school building is actually situated. But this State deed cannot support the appellee's claim in this case, because the State deed was based on a forfeiture of the entire 160 acres for the taxes of 1930, with the subsequent donation certificate, occupancy and improvement by. appellee. The proof in this case is uncontroverted to the effect that School District No. 3 occupied the ground on which the school building was located continuously from 1914 to 1944. Public schoolhouses and grounds are not subject to state taxation. (§ 13603, Pope's Digest.) So, in 1930, when the alleged tax forfeiture occurred, the school land here involved was not subject to state taxation. The deed from the State to Feltner was dated 1938, and even at that time School District No. 3 was still occupying the land.

The other deed introduced by appellee to support his title was a quitclaim deed from T. E. Lines and wife to appellee, dated January 20, 1945, and containing the same 160 acres of land described in the State deed. The appellee testified that he made no effort to enter on the school land until after he obtained this deed from T. E. Lines and wife. But there is nothing in the record to show that T. E. Lines and wife were the heirs or grantees of Mary Lee Mann, who held the right of reversion to the school land. It will be recalled that she conveyed the property to School District No. 3 "so long as used for school purposes, and no longer." In 26 C. J. S. 483, in discussing conditions subsequent in deeds, the rule is stated: "As a general rule nonperformance of a condition can be taken advantage of only by the grantor or his heirs, or by the grantor and his legal representatives. The benefit of a condition or breach cannot be availed of by a stranger . . . or by a mere naked trespasser."

In 33 Am. Juris., 689, in discussing reversions and remainders, the rule is stated: "A breach of a condition subsequent can be taken advantage of only by the grantor, his heirs, and, some authorities add, his devisees, although, of course, the right can be exercised by devisees only in jurisdictions in which it is devisable. The general rule at common law is well settled that the right of re-entry is not alienable or assignable. No stranger can take advantage of a breach of the condition."

Our own case of *Moore* v. *Sharpe*, 91 Ark. 407, 126 S. W. 341, 23 L. R. A., N. S., 937, discusses the conveyance of the right of re-entry.

The said instruction No. 3 was tantamount to telling the jury that, if the appellant had ceased to use the property for school purposes, then Feltner, or a mere trespasser, could seize possession and hold the same, and thereby raise the question of whether the district had lost its title by non-user. That is the error in the instruction, because so far as the record now before us reflects, Feltner was a mere trespasser. He never showed any title to himself from Mary Lee Mann or her heirs.

To overcome this fault in the instruction, appellee argues that this was a suit in ejectment, and that the appellant district, as the plaintiff, had the burden of recovering on its own title, rather than the weakness of the title of appellee. The general rule in ejectment cases is that the plaintiff must recover on the strength of his own title, but in *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116, we stated:

"While it is a general rule that a plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of his adversary's, this rule has no application where the defendant is a mere trespasser invading the actual possession of plaintiff, in which case plaintiff can recover on prior peaceable possession alone. 15 Cyc. 22; *Green* v. *Jordan,* 83 Ala. 220, 3 So. 513, 3 Am. St. Rep. 711; *Horton* v. *Murden,* 117 Ga. 72, 43 S. E. 786; *Rhule* v. *Seaboard Air Line Ry. Co.,* 102 Va. 343, 43 S. E. 331; Newell on Ejectment, p. 434; War-

velle on Ejectment, § 237; *John Henry Shoe Co.* v. *Williamson,* 64 Ark. 100, 40 S. W. 703; *Price* v. *Greer,* 76 Ark. 426, 88 S. W. 985.

"The rule requiring the plaintiff, in actions of this character, to recover on the strength of his own title, is based upon the presumption that a defendant in possession is rightfully in possession. No such presumption obtains in favor of a mere trespasser."

The above quotation is applicable to the case at bar, because, so far as the record here shows, Feltner was a mere trespasser, since he never showed any title to himself from Mary Lee Mann or her heirs. It is possible that the deed from Lines and wife was from the heirs of Mary Lee Mann, so we think justice is best served by remanding the cause.

For the error in giving instruction No. 3, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.