BENGEL, EXECUTRIX *v.* CITY OF COTTON PLANT.

4-9579 243 S. W. 2d 370

Opinion delivered November 5, 1951.

Rehearing denied December 3, 1951.

*W. J. Dungan* and *Forrest E. Long,* for appellant.

*John D. Eldridge, Jr.,* and *Dennis W. Horton,* for appellee.

Holt, J. This litigation involves title to the west forty-six feet of the W ½ of lot 21, block 16 of the City of Cotton Plant, Woodruff County, Arkansas.

The City alleged title by adverse possession and payment of taxes for more than fifty years by its predecessors. Appellant denied that the City had any interest in the property and claimed absolute ownership. There was a decree in favor of appellee, City, and this appeal followed.

The record shows that on June 30, 1900, White & Black River Valley Railroad Company leased all of its property between the towns of Brinkley and Batesville to the Choctaw, Oklahoma & Gulf Railroad Company for eighty years, and on the same date executed its mortgage for $800,000 to Farmers Loan & Trust Company. The lessee, railroad, transferred its lease and all interest therein to the C. R. I. & P. Railroad Company March 24, 1904. September 30, 1941, the above mortgage was foreclosed and the property sold to J. B. Angell and wife, who on February 16, 1942, deeded the property to appellee, City of Cotton Plant, under a description alleged to embrace the property involved.

Appellant says: "The record shows that White & Black River Valley Railway Company had record title to lot 20 and the east 50 feet of lot 8, block 16 of Cotton Plant at the time the (above) mortgage was given, and the record also shows the main railroad track was located on these lots the Company owned by deed. The official city plat at Tr. 148 shows lots 20 and 8 of block 16 to be contiguous to the W ½ of lot 21 on its west."

The preponderance, if not the undisputed evidence shows that the Southern Cotton Oil Company had title to the land here involved under proper and definite description and paid taxes thereon until it forfeited and was certified to the State for the 1911 taxes, confirmed in the State May 10, 1937, and purchased from the State by J. H. Rayburn November 5, 1941. Rayburn died testate in June, 1949, leaving all of his property to appellant, Louise Bengel. Rayburn paid the taxes until his death.

It also appears that the Rock Island Railroad Company paid the taxes on all of the property that it owned in Woodruff County from and including the 1911 taxes through subsequent years down to 1941 when, as above indicated, the mortgage on the property of the railroad was foreclosed and purchased by Angell and wife February 16, 1942, who in turn deeded to the City of Cotton Plant, appellee. There is no evidence that appellee's predecessors, railroads, ever had title to the property involved unless by adverse possession, and payment of taxes over a period of some thirty-five years or more. There is no showing that the railroads ever complied with our statutes which required the filing in the office of the Secretary of State, "a map and profile thereof, and of the lands taken or obtained for the use thereof, and file the same in the office of the Secretary of State, and also line maps of the parts thereof located in different counties, and file the same in the office for recording deeds in the county which said parts of the said road shall lie, there to remain as of record forever. Second. A certificate specifying the line upon which it is proposed to construct the railroad and the grades and curves." § 73-604 Ark. Stats. 1947.

The trial court sustained appellee's claim that the Rock Island Railroad Company had acquired title by adverse possession and owned the property at the time of the foreclosure decree in 1941. We cannot agree. We hold that the great preponderance of the evidence shows, as indicated, that at the time the property forfeited for the 1911 taxes, it was owned by the Southern Cotton Oil

Company, was certified and sold to the State by a definite description, and the sale confirmed May 10, 1937, and title remained in the State until it sold to J. H. Rayburn November 5, 1941. Since the Statute of Limitations does not run against property owned by the State, appellee's claim of title by adverse possession must fail.

Appellee argues that we must presume ownership of the property here involved by appellee's predecessors by virtue of the long payment of taxes by the Rock Island Railroad, citing *Wallace* v. *Hill,* 135 Ark. 353, 205 S. W. 699, as authority. That case is distinguishable on the facts. There, the taxes had been paid over a long period of years (34) under a definite description, but here, as we have pointed out, appellee's predecessors, railroads, did not pay the taxes under any definite description embracing the property here.

Accordingly, the decree is reversed with directions to enter a decree not inconsistent with this opinion.