WYATT *v.* WYCOUGH.

5-2245                                        341 S. W. 2d 18

Opinion delivered November 21, 1960.

[Rehearing denied January 9, 1961.]

*Chas. F. Cole,* for appellant.

*Murphy & Arnold,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit in ejectment for possession of land. Paul Wycough and his wife filed a complaint in the Circuit Court of Independence County sounding in ejectment, stating that they were the owners of a certain parcel of land described as the Northeast Fraction Northwest Quarter of Section 26, Township 12 North, Range 5 West, and that they were rightfully entitled to possession of the land, but that the defendant, D. A. Wyatt, had refused to allow them to take possession, and prayed they be awarded immediate possession. At the trial of the cause, the Wycoughs produced deeds tracing their chain of title back to the original government patent to the lands. Exhibits, photos, plats, maps, and testimony relating thereto, were introduced to show the location, character, and change in the lands through the course of the years. The testimony and

exhibits show that the land in question was, during early official government surveys date 1826 and 1854, located on the east side of White River. Immediately north of the land at the time was an island known locally as Crow Island. Sometime around 1900 (the witnesses could not pinpoint the exact year), the river changed its course, cutting around the Wycough lands. Subsequently, the river has since changed its course twice. As a result of these changes, the land of the Wycoughs is now on the west side of White River and lies adjacent to Crow Island. D. A. Wyatt, who owns part of Crow Island, claims that the Wycough land is an accretion to his property, and further, that he had acquired title by adverse possession. The preceding drawing shows the present location of the land here involved after river changes.

The trial court entered judgment for the plaintiffs and Wyatt has appealed. For reversal the appellant first contends that the lower court erred in declaring in its judgment that the appellees were the owners of the lands. Although it is true that ejectment is in its nature a possessory action, it is equally well settled in this state that title to real property may be settled as between the parties in an action of ejectment. *Brasher* v. *Taylor*, 109 Ark. 281, 159 S. W. 1120. And we have many times held that a plaintiff must recover on the strength of his own title and not on the weakness of the defendant's. *Chavis* v. *Henry*, 205 Ark. 163, 168 S. W. 2d 610; *Jackson* v. *Gregory*, 208 Ark. 768, 187 S. W. 2d 547. Some contention is also made as to whether the judgment can bind R. K. Wyatt, who secured title to some of the lands from D. A. Wyatt, after filing of the suit but before judgment was rendered. In *Ritchie* v. *Johnson*, 50 Ark. 551, 8 S. W. 942, under a somewhat similar factual situation, this Court held that a presumption exists that one who secures title in such a situation holds in privity with the defendant in the ejectment suit, and that if such a person holds by an independent title, it is incumbent upon him to then show it. Here there was no showing that R. K. Wyatt secured title independent of D. A. Wyatt. In

*Hobbs* v. *Lenon,* 191 Ark. 509, 87 S. W. 2d 6, we laid out the general rule in the following language:

"It follows from the general rule that a person who acquires the property *pendente lite* takes subject to the court's adjudication of the rights in the property which is the subject-matter of litigation; such persons will be bound whether a party to the litigation or not. Parties, their privies, and purchasers *pendente lite* are all grouped together as bound by the court's decision, 17 R. C. L., § 28, p. 1031. Also to the same effect, 2 Pomeroy's Equity Jurisprudence, 3d ed., pp. 632-635. The rule as above stated has been recognized and followed by this court from its early days to the present time . . ."

Since it is not shown in the present case that R. K. Wyatt holds a title independent of D. A. Wyatt, it follows that the fact that R. K. Wyatt is not a party to this case is not a ground for its dismissal.

The appellant also argues that the deeds under which the appellee claimed title were void because the description was vague and indefinite, and there is a discrepancy in the amount of acreage shown in the parcel. Without an extended discussion, suffice it to say that three surveys were run on the property, and they all agreed within approximately four feet of each other. No contention was made at the trial that the surveys were inaccurate. In order to locate the parcel, it is only necessary to locate the NW corner of the NE ¼ of Section 26, and from there, by surveying west and south on the proper variation. The old river bed locates the other boundaries and all witnesses stated this bed is clearly visible. As to the excess acreage, we have held the fact that the acreage is stated incorrectly does not lessen the certainty of the description. *Rucker* v. *Arkansas Land & Timber Company,* 128 Ark. 180, 194 S. W. 21. See also *Doe* v. *Porter,* 3 Ark. 18; Jones, *Arkansas Titles,* Sec. 233. Further, the discrepancy in acreage seems adequately explained by the United States Survey of 1826, a certified copy of

which is attached and made a part of the appellees' brief, and which we will take judicial notice of, *Pope* v. *Shannon Bros., Inc.,* 195 Ark. 770, 114 S. W. 2d 1, shows that the surveyor listed the parcel as containing 8.80 acres, but later surveys indicate that it contained only 6.87. The draftsman of the title instruments apparently copied the acreage listed in the early survey.

Two additional grounds urged upon us for reversal are that the trial court erred in failing to find that the land was an accretion to Crow Island, and that the appellant had acquired title by adverse possession of the land. Both of these questions present issues of fact, which we will not disturb here if supported by substantial evidence. *Lewis* v. *Houchins,* 220 Ark. 610, 249 S. W. 2d 1. In *St. Louis, I.M. & S. R. Co.* v. *Ramsey,* 53 Ark. 314, 13 S. W. 931, 8 L.R.A. 559, we defined accretion as:

> "Accretion is the increase of real estate, by the addition of portions of soil by gradual deposition, through the operation of natural causes, to that already in the possession of the owner. The term 'alluvion' is applied to the deposit itself, while accretion rather denotes the act."

When land is formed by such gradual deposits, it belongs to the owner of contiguous land to which the addition is made. *Nix* v. *Pfeifer,* 73 Ark. 199, 83 S. W. 951. Avulsion is a sudden and perceptible gain or loss of riparian land and may arise from the sudden abandonment by a stream of its old channel and the creation of a new one, or the sudden washing from one of its banks a considerable body of land and the depositing of it on the opposite bank. Thompson, *Real Property* § 2561. When a stream shifts suddenly by avulsion the boundaries of the riparian owners do not change with the course of the stream. *Wallace* v. *Driver,* 61 Ark. 429, 33 S. W. 641, 31 L.R.A. 317. In the present case three eye-witnesses testified that the river changed its course not gradually, as contended by appellant, but by a sudden and perceptible change, in fact, cutting a new channel. We think the evidence is sub-

stantial and sufficient to show that an avulsion occurred and title to the land did not change.

As to adverse possession, the record reflects that the first acts which could have even amounted to acts of adverse possession were the cutting of timber and the clearing of a small parcel of land in 1949. However, at that time the title to the land was in the State of Arkansas and adverse possession cannot run against the state. *Bengel, Executor* v. *City of Cotton Plant,* 219 Ark. 510, 243 S. W. 2d 370. The first time that adverse possession could have begun to run was in 1954 when title was acquired by the appellees from the State. Simple arithmetic shows that seven years from 1954 would be 1961, a date still in the future, hence the appellant could not have acquired title by adverse possession from the appellee.

Finding no error, the judgment is affirmed.