AARON K. WYATT v. CLYDE GRIFFIN AND MABEL GRIFFIN

5-4199                                    414 S. W. 2d 377

Opinion delivered May 8, 1967

*Chapman* & *Wiley*, for appellant.

*Murphy* & *Arnold*, for appellees.

CONLEY BYRD, Justice. Appellant, Aaron K. Wyatt, appeals from an order of the trial court dismissing upon demurrer his action in ejectment against appellees Clyde Griffin and Mabel Griffin. The amended complaint alleges that appellant is the owner of the E 1/2, SW Frl 1/4, Sec. 23, T-12-N, R-5-W. Attached to the original complaint was a series of conveyances within the Wyatt family dating back to 1941. Paragraphs VI and VII of the complaint alleged as follows:

> "That the lands in question were the subject of litigation between plaintiff's predecessors in interest and the defendants' grantors. The boundary line was fixed by the Supreme Court of Arkansas in the case of *Wyatt* v. *Wycough*, 232 Ark. 760, 341 S. W. 2d 18, establishing the defendants' grantors interest in property in the area as the land in Section 26, Township 12 North, Range 5 West, all lying in Independence County, Arkansas.
>
> "That notwithstanding the plaintiff's ownership and possession of the lands as aforesaid the defendants have, since the boundary line was fixed, without the consent or knowledge of the plaintiff, built and are maintaining a fence from a point 293 feet north of the said Section line for a distance of approximately 810 feet across plaintiff's property."

The prior boundary judgment, affirmed by this court in *Wyatt* v. *Wycough*, 232 Ark. 760, 341 S. W. 2d 18, (1960) found that appellees were the owners and entitled to immediate possession of the NE Frl of the NW Frl, Sec. 26, T-12-N, R-5-W; that the north line of appellees' property was the line surveyed by Hon. Clyde Griffin, County Surveyor, along which a fence was erected; and that appellees were entitled to possession of the lands immediately to the south, bounded on the east by the East line of the NW 1/4 of Sec. 26 and on the

west and south by the old river bed.

Appellees contend that to state a cause of action in ejectment or to avoid a plea of res judicata it was necessary for appellant to allege in his complaint "that appellees were possessing land north of the line surveyed by Hon. Clyde Griffin, County Surveyor, along which a fence was erected." On this point, we hold that the complaint was sufficient to state a cause of action in ejectment. The complaint obviously alleges that appellees have built a fence north of the boundary line established by the judgment in *Wyatt* v. *Wycough.*

Appellees also take the position that the complaint is insufficient, in that appellant's documents of title give him title only to that portion of the SW 1/4 of Sec. 23 which was originally in "Crow" Island; and that since the complaint does not deraign title to the 9.09-acre swamp land tract in the SE part of the SW Frl 1/4 of Sec. 23 east of the river which would have adjoined appellees' lands on the north, the complaint does not comply with Ark. Stat. Ann. § 34-1408 (Repl. 1962).

To adequately understand appellees' contention one needs to know that when the land was first surveyed in 1826, the portion of the NW 1/4 lying east of the river constituted a parcel of only 8.8 acres or less; and that immediately north of the parcel now claimed by appellees, the 1826 government survey showed a 9.09-acre tract in the SE part of the SW Frl 1/4 of Sec. 23 east of the river. According to the 1826 survey, the descriptions set forth in appellant's muniments of title would have been in an island located somewhat in the center of Sec. 23. Since that time, the river has migrated eastward until all of the lands in question are west of the river and connected to the lands originally in the island, which is referred to in the briefs as "Crow" Island.

Appellees' last position, with respect to the SE part of the SW Frl quarter east of the river, would be well

taken except for the fact that the government survey shows that appellees' land at the time of the government survey was also east of the river, while the judgment in *Wyatt* v. *Wycough*, upon which they now rely as being res judicata, shows their lands in Sec. 26 to now be west of the river. In this situation we have held that when land along a navigable stream is washed away by the gradual action of the river, the land call is forever washed away, and a conveyance by such description thereafter is ineffective. *Adkisson* v. *Starr*, 222 Ark. 331, 260 S. W. 2d 956 (1953). Furthermore, if the land adjoining appellees' on the north were added to "Crow" Island by accretion, it would then be conveyed and properly described by the description under which appellant received his title. *Towell* v. *Etter*, 69 Ark. 34, 63 S. W. 53 (1900).

It has been suggested that appellant's complaint was defective because it did not deraign title back to the United States government or plead adverse possession for the necessary period. We believe that, construing the complaint liberally as we should upon the demurrer, it can be understood as pleading prior peaceable possession in appellant. We have held that a plaintiff in ejectment can recover as against a mere trespasser invading the actual possession of the plaintiff. Since the record is here on demurrer and there is nothing to show any title to the disputed tract in appellees, we hold that the complaint is sufficient to force appellees to plead. *Vanndale Special School Dist. No. 6* v. *Feltner*, 210 Ark. 743, 197 S. W. 2d 731 (1946).

Reversed and remanded.

WARD, J., not participating.