Marvin LOY et ux *v.* CITY OF HOT SPRINGS

74-181                                                  516 S.W. 2d 3

Opinion delivered November 25, 1974

*Sam Edward Gibson,* for appellants.

*Curtis L. Ridgway Jr,* for appellee.

GEORGE ROSE SMITH, Justice. This litigation presents a decidedly novel fact situation. In January of this year the appellants, Marvin Loy and his wife, brought this suit to enjoin the City of Hot Springs from interfering with the Loys' possession of a house and lot on which they had occupied as their home for more than 20 years. The city asserted title to the property under a warranty deed by which the Hot Springs Humane Society of Garland County, a charitable corporation, purportedly conveyed the property to the city on October 11, 1973. The chancellor entered a decree in favor of the city, finding that the deed was valid and that the Loys had no standing to maintain the suit. The Loys were ordered to vacate the property within 30 days. In this court the Loys question both grounds for the decree.

In 1945 the Garland Circuit Court, upon a petition signed by twelve persons, entered an order incorporating the "Hot Springs Humane Society of Garland County, Arkansas," as a charitable corporation. The articles of incorporation defined the purposes of the Society as being to provide a shelter for dumb animals, to supervise the care and regulation of animals in Hot Springs, to raise money by subscription, membership dues, donations, or otherwise, to buy, sell, and own property, and to engage in other related activities.

In 1952 the Society employed Marvin Loy as its Animal Control Officer. Loy's compensation consisted of a monthly salary and the right to occupy the property now in question, rent free. The Society had purchased that property, for $2,000, with its own funds. Through the years the Society's income was derived from gifts, annual contributions (referred to as membership dues) in whatever amount the various donors chose to give, dog license fees, and, in some years, monthly contributions of $200 by the city and $100 by the county. An animal shelter was maintained upon the property until 1969.

The Society's affairs were largely conducted by three or four devoted persons, who served as officers. Finally, in 1969, the city adopted an animal control ordinance, established its

own animal shelter, and superseded the Society in its field of activity. Loy was employed by the city from 1969 until 1971 and continued to occupy the property now in dispute. The city terminated Loy's employment in 1971, but he remained in possession of the house and lot. By then the Society had become totally inactive. All its records had been destroyed, but the title to the property in issue was still in the Society.

In August of 1973 the city began taking steps to acquire the land. A "Petition for Reinstatement", directed to the circuit court, was prepared. The petition recited the Society's incorporation in 1945, the city's subsequent operation of an animal shelter, and the Society's ownership of the property now in question, which assertedly was not being used for any public purpose. The petition then alleged that "it is necessary to formally reinstate this corporation so that title to this property may be legally conveyed to the City of Hot Springs, Arkansas to be used for public purposes." (The city's answer in the case at bar asserts that it intends to lease the property to the Garland County Retarded Children's Association.) The petition concluded with a prayer that the circuit court reinstate the Society so that it could convey title to the city. At the end of the petition there were blank lines for 12 signatures.

The two people who had been serving as president and secretary of the Society when it ceased to function were still residents of Hot Springs, and testified at the trial, but they were not given notice of the proposed petition to the circuit court. Instead, the petition was signed, at the mayor's request, by 12 persons who happened to go into the mayor's office upon business of their own. All 12 testified that they had never been members of the Society and had never contributed to it. In October the petition was presented to the circuit court, by someone not identified in the record, in an *ex parte* proceeding. The court entered an order reinstating the corporation "for the purpose of adopting a resolution authorizing the transfer of this property to the City of Hot Springs."

On the night of October 11 seven of the twelve signers of the petition met in the mayor's office. They elected a president and a secretary, who then executed a warranty deed, for a recited consideration of one dollar, conveying the property

to the city. There is no contention that the city actually paid any consideration for the deed.

Upon the foregoing facts we cannot sustain the trial court's decree. Ordinarily, it is true, the plaintiff in a suit involving the possession of land must recover upon the strength of his own title. We have held, however, that a plaintiff's prior peaceable possession entitles him to recover land from a mere trespasser or interloper. *Wyatt* v. *Griffin,* 242 Ark. 562, 414 S.W. 2d 377 (1967); *Vanndale Spec. Sch. Dist. No. 6* v. *Feltner,* 210 Ark. 743, 197 S.W. 2d 731 (1946). Thus the Loys are not necessarily without standing to maintain this suit.

The question is whether the city's claim of title rises above that of an interloper. It does not. Exact rules are essential to the determination of the title to land. Here the Society originally purchased the property with its own funds. The city acquired no legally enforceable interest in the land either by its own contributions to the Society, which were not exclusive of other contributions made by the county and by individual donors, or by the city's ultimate assumption of responsibility for the care of stray animals. Needless to say, a lawyer examining the abstract of title could not approve municipal ownership based upon such nebulous considerations.

There remains only the deed executed by the "reinstated" charitable corporation, pursuant to the circuit court's order.We think that proceeding to have been void, and therefore open to collateral attack, for want of jurisdiction over the Society. *Black* v. *Burrell,* 175 Ark. 1138, 1 S.W. 2d 805 (1928); *Crittenden Lbr. Co.* v. *McDougal,* 101 Ark. 390, 142 S.W. 836 (1911). The 12 signers of the petition had no semblance of authority to act for the Society. They were volunteers who acted as the city's puppets in ostensibly obtaining the Society's property without notice to its surviving officers and without the payment of any consideration whatever. The law provides for the dissolution of defunct corporations, but it cannot be said that the procedure followed here, even if motivated by complete good faith, had the effect of divesting the Society's title.

Reversed and remanded for further proceedings.